# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-08-00294-CV

Consolidated Reinforcement, L.P. and Consolidated Reinforcement, Inc., Appellants

v.

Carothers Executive Homes, Ltd., and Carothers Homes, Inc., Appellees

FROM THE DISTRICT COURT OF BELL COUNTY, 169TH JUDICIAL DISTRICT
NO. 226,501-C, HONORABLE GORDON G. ADAMS, JUDGE PRESIDING

O P I N I O N

In this interlocutory appeal, appellants Consolidated Reinforcement, L.P., and Consolidated Reinforcement, Inc.,[1] appeal the trial court's denial of their motion to dismiss pursuant to section 150.002 of the civil practice and remedies code. *See* Tex. Civ. Prac. & Rem. Code Ann. § 150.002 (West Supp. 2008). In one issue, Consolidated contends that the trial court erred in denying the motion to dismiss because appellees Carothers Executive Homes, Ltd., and Carothers Homes, Inc., (collectively "Carothers Homes") failed to file an affidavit from a professional engineer. For the reasons that follow, we affirm the trial court's order in part and reverse and remand in part.[2]

---

[1] Because their interests align, we refer to appellants Consolidated Reinforcement, L.P., and Consolidated Reinforcement, Inc., collectively as "Consolidated."

[2] As a preliminary matter, Carothers Homes moved to dismiss this appeal for lack of jurisdiction. Section 150.002(e), however, expressly allows an interlocutory appeal from an order denying a motion to dismiss pursuant to section 150.002. *See* Tex. Civ. Prac. & Rem. Code Ann.

**BACKGROUND**

Carothers Homes brought suit against Consolidated in November 2007, alleging breach of contract, deceptive trade practices,[3] negligence, negligent misrepresentation, and breach

§ 150.002(e) (West Supp. 2008). We therefore deny Carother Homes's motion to dismiss for lack of jurisdiction.

[3] *See* Tex. Bus. & Com. Code Ann. § 17.46 (West Supp. 2008) (unlawful deceptive trade practices) (DTPA). The DTPA generally does not apply to "a claim for damages based on the rendering of a professional service, the essence of which is the providing of advise, judgment, opinion, or similar professional skill." *Id.* § 17.49(c) (West Supp. 2008); *see Underkofler v. Vanasek*, 53 S.W.3d 343, 346 n.1 (Tex. 2001). Paragraphs 32 through 35 of the first amended petition address Carother Homes's DTPA claims and the DTPA's exemption for claims based on professional services:

32.  [Consolidated's] and their employees['] conduct constituted a false, misleading, or deceptive act or practice within the meaning of the [DTPA]. Specifically, Defendants did the following:

a.   represented that the Duplexes' foundations and Defendants' services in connection therewith had characteristics, uses, or benefits which they did not have;

b.   represented that the Duplexes' foundations and Defendants' services in connection therewith were of a particular standard, quality, or grade when they were of another; and

c.   breached the common-law, express warranty for services.

33.  The exemption for professional services found in section 17.49(c) of the DTPA does not apply to [Consolidated's] services because the services involved the following:

d.   an express misrepresentation of a material fact that cannot be characterized as advice, judgment, or opinion and/or

e.   an unconscionable action or course of action that cannot be characterized as advice, judgment, or opinion.

34.  CAROTHERS HOMES is a consumer within the meaning of the DTPA.

2

of warranty, arising out of Consolidated's design and construction of certain duplexes' foundations.[4]

Carothers Homes was the builder/contractor for the duplexes and engaged Consolidated to "design and construct the [d]uplexes' foundations." Consolidated filed an original answer in December 2007 generally denying the allegations and asserting comparative fault.

In February 2008, Consolidated filed a motion to dismiss pursuant to section 150.002 of the civil practice and remedies code.[5] *See id.* Consolidated attached to its motion the affidavit of Dennard Gilpin, the owner of Consolidated. Gilpin averred that his "entities provide, among others, professional engineering services performed by licensed professional engineers presently in good standing within the State of Texas" and that the claims in Carothers Homes's petition "do relate, at least in part, to the engineering services properly performed by Consolidated."

---

35.    [Consolidated's] violation of the DTPA as outlined above was a producing cause of damages to CAROTHERS HOMES.

[4] In briefing to this Court, Consolidated asserts that it "did <u>not</u> construct these foundations." It, however, does not cite to the record and states that the "sole issue regards construing the statutory language to determine if Carothers [Homes's] First Amended Petition, based solely on its wording, should require an affidavit." For purposes of our analysis of this appeal only, we assume the facts pleaded in Carothers Homes's petition as true—*i.e.*, that Consolidated designed, constructed, and supervised the construction of the duplexes.

[5] Consolidated filed its motion to dismiss two months after filing an answer. A plaintiff may be able to assert waiver to defeat an untimely motion pursuant to section 150.002. *See Criterium-Farrell Eng'rs v. Owens*, 248 S.W.3d 395, 396-97, 400 (Tex. App.—Beaumont 2008, no pet.) (plaintiff raised waiver argument but court did not reach because affirmed on other ground); *Palladian Bldg. Co. v. Nortex Found. Designs, Inc.*, 165 S.W.3d 430, 435 (Tex. App.—Fort Worth 2005, no pet.) (court found that defendant did not take action that would preclude seeking dismissal pursuant to section 150.002 "[w]ithout determining whether a plaintiff may in fact assert the doctrine of waiver in response to a defendant's motion to dismiss"). Because the parties do not address the issue of waiver, however, we do not consider it.

Carothers Homes filed a response to Consolidated's motion to dismiss and a first amended original petition, asserting the same causes of action except for negligence. In the response, Carothers Homes contended that an affidavit was not required because the first amended petition did not contain "allegations of professional negligence by a licensed professional engineer." In the amended petition, Carothers Homes asserted that it "engaged [Consolidated] to, and [Consolidated] did, design, construct and supervise the construction of the [d]uplexes' foundations" and that the "foundations constructed by [Consolidated] experienced numerous problems, including significant cracking." Consolidated filed a reply to the response.

After a hearing on Consolidated's motion to dismiss, the trial court denied the motion. This interlocutory appeal followed.

**ANALYSIS**

In a single issue, Consolidated contends that Carothers Homes was required to file a supporting affidavit from a professional engineer with its first amended petition pursuant to section 150.002 of the civil practice and remedies code. *See id*. Consolidated contends that, "even though a single negligence count was removed from the list of claims within Carothers' First Amended Petition, the substance of the remaining counts requires Carothers to supply a supporting affidavit pursuant to Texas law." Consolidated relies on the undisputed fact that it provided engineering and design services related to the duplexes and that the remaining counts "implicate" those engineering and design services.

We review a trial court's decision to deny a motion to dismiss pursuant to section 150.002 of the civil practice and remedies code under an abuse of discretion standard.

4

*Criterium-Farrell Eng'rs v. Owens*, 248 S.W.3d 395, 397 (Tex. App.—Beaumont 2008, no pet.); *Palladian Bldg. Co. v. Nortex Found. Designs, Inc.*, 165 S.W.3d 430, 433 (Tex. App.—Fort Worth 2005, no pet.). The test for an abuse of discretion is whether the trial court acted without reference to any guiding rules and principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985). A trial court abuses its discretion if it fails to analyze or apply the law correctly. *Powell v. Stover*, 165 S.W.3d 322, 324 (Tex. 2005).

We review matters of statutory construction *de novo*. *City of San Antonio v. City of Boerne*, 111 S.W.3d 22, 25 (Tex. 2003). In construing statutes, our primary goal is to determine and give effect to the legislature's intent. *Id*. We begin with the plain language of the statute at issue and apply its common meaning. *Id*. Where the statutory text is unambiguous, we adopt a construction supported by the statute's plain language, unless that construction would lead to an absurd result. *Fleming Foods of Tex., Inc. v. Rylander*, 6 S.W.3d 278, 284 (Tex. 1999). "Once we determine the statute's proper construction, we must then decide whether the trial court abused its discretion in applying the statute." *Owens*, 248 S.W.3d at 397.

We begin our analysis then with the statute's plain language. *See City of San Antonio*, 111 S.W.3d at 25. Section 150.002, titled Certificate of Merit, reads in relevant part:

> (a)    In any action or arbitration proceeding for damages arising out of the provision of professional services by a licensed or registered professional, the plaintiff shall be required to file with the complaint an affidavit of a third-party licensed architect, registered professional land surveyor, or licensed professional engineer competent to testify, holding the same professional license as, and practicing in the same area of practice as the defendant, which affidavit shall set forth specifically at least one negligent act, error, or omission claimed to exist and the factual basis for each such claim. . . .

5

* * *

(d) The plaintiff's failure to file the affidavit in accordance with Subsection (a) or (b) shall result in dismissal of the complaint against the defendant. This dismissal may be with prejudice.

(e) An order granting or denying a motion for dismissal is immediately appealable as an interlocutory order.

* * *

(g) This statute does not apply to any suit or action for the payment of fees arising out of the provision of professional services.

Tex. Civ. Prac. & Rem. Code Ann. § 150.002. Section 150.001(1) of the civil practice and remedy code defines a "licensed or registered professional" to mean:

> a licensed architect, registered professional land surveyor, licensed professional engineer, or any firm in which such licensed professional practices, including but not limited to a corporation, professional corporation, limited liability corporation, partnership, limited liability partnership, sole proprietorship, joint venture, or any other business entity.

*Id*. § 150.001(1) (West Supp. 2008). Consolidated falls within the definition of a "licensed or registered professional." *See id.* The issue then is whether Carothers Homes's claims fall within the claims that require an affidavit pursuant to section 150.002(a). *Id.* § 150.002(a).

Consolidated contends that the legislative intent of section 150.002(a) "was to require a supporting professional affidavit in any claim or cause of action that calls into question the provision of services by a registered architect or engineer" and that "it can not [sic] be disputed that the drafters of Chapter 150.002 intended for a supporting affidavit to be required in this case." Consolidated relies on the 2005 amendment to subsection (a) that substituted "arising out of the

6

provision of professional services," in place of the former language "alleging professional negligence." *See* Act of June 11, 2003, 78th Leg., R.S., ch. 204, § 20.01, 2003 Tex. Gen. Laws 847, 896-97, *amended by* Act of May 27, 2005, 79th Leg., R.S., ch. 189, 2005 Tex. Gen. Laws 348, 348, and Act of May 27, 2005, 79th Leg., R.S, ch. 208, § 2, 2005 Tex. Gen. Laws 369, 370. Consolidated contends that the amendment shows the legislature's intent to expand the scope of the statute's application beyond negligence claims to "those generally arising from services such as those provided by Consolidated."[6]

We decline to construe the amended statute so broadly. Consolidated's proposed construction is inconsistent with the plain language in subsection (a) that the "affidavit shall set forth specifically at least one negligent act, error, or omission." *See* Tex. Civ. Prac. & Rem. Code Ann. § 150.002(a). To construe subsection (a) to require an affidavit for non-negligent causes of action would render the requirement that the affidavit set forth a negligent act, error, or omission meaningless. *See* Tex. Gov't Code Ann. § 311.021(2) (West 2005) (entire statute intended to be effective); *Lexington Ins. Co. v. Strayhorn*, 209 S.W.3d 83, 86 (Tex. 2006) (same). It is not the function of this Court to expand the scope of subsection (a) beyond the legislature's intent as

---

[6] In their motion to dismiss to the trial court, Consolidated cited the language of section 150.002 of the civil practice and remedies code prior to the statute's amendment in 2005. *See* Act of June 11, 2003, 78th Leg., R.S., ch. 204, § 20.01, 2003 Tex. Gen. Laws 847, 896-97, *amended by* Act of May 27, 2005, 79th Leg., R.S., ch. 189, 2005 Tex. Gen. Laws 348, 348, and Act of May 27, 2005, 79th Leg., R.S, ch. 208, § 2, 2005 Tex. Gen. Laws 369, 370. Under subsection (a) prior to the statute's amendment in 2005, a plaintiff was required to file an affidavit "[i]n any action for damages alleging professional negligence by a design professional" and, under subsection (d), the failure to file an affidavit "may result in dismissal with prejudice of the complaint against the defendant." *Id*. It is unclear from the record whether the parties provided the trial court with the statute as amended in 2005. Because neither party raises this issue, however, we construe and apply the statute as amended.

7

expressed in the statute's plain language.  *See Diversicare Gen. Partner, Inc. v. Rubio*, 185 S.W.3d 842, 860 (Tex. 2005) (courts are not "the law-making body").

The dissent contends that "negligent"only modifies "act" in the phrase in the statute "negligent act, error, or omission" by rewording the phrase "error, omission, or negligent act." We, however, are to read "words and phrases" in context and construe them "according to the rules of grammar and common usage."  *See* Tex. Gov't Code Ann. § 311.011 (West 2005).  A straightforward reading leads to the conclusion that the adjective "negligent" modifies the three nouns "act," "error," and "omission" that are connected by the conjunction "or."  *See, e.g.*, *McIntyre v. Ramirez*, 109 S.W.3d 741, 746 (Tex. 2003) (citing and quoting *Long v. United States*, 199 F.2d 717, 719 (4th Cir. 1952); stating the "rule of grammatical construction" that the use of an adverb before the first of a string of verbs, "'with the disjunctive construction used only between the last two of them, shows quite plainly that the adverb is to be interpreted as modifying them all'"); *see also United States Fidelity & Guaranty Co. v. Fireman's Fund Ins. Co.*, 896 F.2d 200, 203 (6th Cir. 1990) (adjective preceding a series of nouns generally modifies every noun in the series:  "only reasonable construction" in insurance policy of clause "negligent act, error or omission" is that policy covers only negligent behavior).  Further, had the legislature intended for "negligent" to modify only "act," it would have worded the phrase as the dissent does.  *See, e.g.*, Tex. Bus. Orgs. Code Ann. § 301.010(a) (West 2008) ("an error, omission, negligent or incompetent act, or malfeasance committed by a person"); Tex. Ins. Code Ann. § 4102.105(a) (West 2008) ("based on an error, omission, fraud, negligent act, or unfair practice").

8

The analysis and reasoning in the opinions *Gomez v. STFG, Inc.*, No. 04-07-00223-CV, 2007 Tex. App. LEXIS 7860 (Tex. App.—San Antonio Oct. 3, 2007, no pet.), and *Kniestedt v. Southwest Sound & Electronics, Inc.*, No. 04-07-00190-CV, 2007 Tex. App. LEXIS 5163 (Tex. App.—San Antonio July 3, 2007, no pet.), are instructive on this point. In both cases, our sister court analyzed and construed section 150.002(a)'s affidavit requirement, drawing a distinction between negligence and non-negligence claims and determining that an affidavit was required only for claims asserting negligence. *See Gomez*, 2007 Tex. App. LEXIS 7860, at *5-6; *Kniestedt*, 2007 Tex. App. LEXIS 5163, at *5. In *Kneistedt*, the court relied on the statute's plain wording to reach its conclusion:

> The plain wording of the statute leads us to conclude that the legislature intended for the affidavit requirement to apply only to actions alleging negligence; otherwise, it would not have specified that the "affidavit shall set forth specifically at least one negligent act, error, or omission claimed to exist." *See* [Tex. Civ. Prac. & Rem. Code Ann. § 150.002(a)]. . . . When the plaintiff does not claim a negligent act, error or omission exists, and is not required to make such an allegation as an element of its cause of action, a certificate of merit is not required under *section 150.002(a)*.

2007 Tex. App. LEXIS 5163, at *5. The court determined that the plaintiff was not required to file an affidavit pursuant to section 150.002(a) as to its tortious interference with an existing contract claim. *Id*.

In *Gomez*, the issue was whether "a trial court must dismiss all claims against [the defendant] because [the plaintiff] failed to file an expert affidavit under section 150.002." 2007 Tex. App. LEXIS 7860, at *3. In three consolidated lawsuits, the plaintiffs alleged "tortious interference with [plaintiff's] contracts, conspiracy, breach of contract, wrongful termination, breach

9

of fiduciary duty, breach of loyalty, and breach of good faith and fair dealing." *Id*. at \*2. In one of the three, the plaintiff also alleged negligence in the "rendering of development costs and estimates." *Id*. Faced with a motion to dismiss the plaintiff's entire suit for failure to file an affidavit, the trial court dismissed the negligence claim but allowed the remainder of the claims to proceed without an affidavit. *Id*. at \*3.

In affirming the trial court and allowing the non-negligence causes of action to proceed, our sister court relied on the definition from the occupations code of the practice of "professional engineers." *Id*. at \*6. The occupations code defines the practice of engineering as "the performance of . . . any public or private service or creative work, the adequate performance of which requires engineering education, training, and experience in applying special knowledge or judgment of the mathematical, physical, or engineering sciences to that service or creative work." Tex. Occ. Code Ann. § 1001.003(b) (West Supp. 2008). Included in the practice of engineering is "any other professional service necessary for the planning, progress, or completion of an engineering service." *Id*. § 1001.003(c)(12) (West Supp. 2008). The court reasoned:

> [Plaintiff's non-negligent causes of action] do not implicate a professional engineer's education, training, and experience in applying special knowledge or judgment. An affidavit of a licensed or registered professional setting forth the negligent act, error, or omission and factual basis for each appears irrelevant to claims that do not arise from the provision of professional services. We believe the non-negligence causes of action did not require a certificate of merit.

*Gomez*, 2007 Tex. App. LEXIS 7860, at \*6-7. The court also relied on the acknowledgment in section 150.002 that an affidavit was not required for all suits involving licensed or registered professionals because subsection (a) is expressly limited to actions "arising out of the provision of

professional services" and subsection (g) excludes suits for the payment of fees. *See id*.; Tex. Civ. Prac. & Rem. Code Ann. § 150.002(a), (g).

Relying on the plain language of the statute, we agree with our sister court's analysis and construction of section 150.002 that non-negligence causes of action do not require an affidavit. *See Gomez*, 2007 Tex. App. LEXIS 7860, at *5-6; *Kniestedt*, 2007 Tex. App. LEXIS 5163, at *5. We, therefore, conclude that the trial court did not abuse its discretion in denying Consolidated's motion to dismiss as to Carothers Homes's claims for breach of contract, breach of warranty, and deceptive trade practices, and we overrule Consolidated's issue in part.

Based on this same analysis, however, Carothers Homes was required to provide an affidavit to support its negligent misrepresentation claim to the extent the claim "aris[es] out of the provision of professional services by a licensed or registered professional." *See* Tex. Civ. Prac. & Rem. Code Ann. § 150.002(a).[7] In its briefing to this Court, Carothers Homes fails to address

---

[7] Paragraphs 21 through 26 of the first amended petition address Carothers Homes's negligent misrepresentation claim:

> 21. [Consolidated]'s employees made representations to CAROTHERS HOMES in the course of their business concerning the design and construction of the [d]uplexes' foundations.
>
> 22. The information provided by these employees concerning the [d]uplexes' foundations was false.
>
> 23. The false information supplied by these employees was for the guidance of CAROTHERS HOMES.
>
> 24. These employees did not exercise reasonable care or competence in obtaining or communicating the information about the [d]uplexes' foundations.

the negligent misrepresentation claim and argues that the statute was amended to cover "not only a pure negligence cause of action, but also any potential cause of action in which negligence was a necessary element." Negligent misrepresentation is a "cause of action in which negligence [is] a necessary element." *Compare Federal Land Bank Ass'n v. Sloane*, 825 S.W.2d 439, 442 (Tex. 1991) ("The elements of a cause of action for [negligent misrepresentation] are: (1) the representation is made by a defendant in the course of his business, or in a transaction in which he has a pecuniary interest; (2) the defendant supplies 'false information' for the guidance of others in their business; (3) the defendant did not exercise reasonable care or competence in obtaining or communicating the information; and (4) the plaintiff suffers pecuniary loss by justifiably relying on the representation.") *with D. Houston, Inc. v. Love*, 92 S.W.3d 450, 454 (Tex. 2002) (elements of negligence cause of action are "legal duty owed by one person to another, a breach of that duty, and damages proximately caused by the breach"). We therefore sustain Consolidated's issue as to Carothers Homes's negligent misrepresentation claim.

Because it is not clear, however, that Carothers Homes's negligent misrepresentation claim "arises out of the provision of professional services"—Carothers Homes alleged Consolidated designed, constructed, and supervised the construction of the duplexes' foundations—and a trial court is given discretion when it grants a motion pursuant to section 150.002(d) to dismiss a claim

25. CAROTHERS HOMES justifiably relied on the employees' representations.

26. The employees' negligent misrepresentations proximately caused harm to CAROTHERS HOMES.

with or without prejudice, we remand this claim to the trial court to reconsider Consolidated's motion to dismiss. *See* Tex. Civ. Prac. & Rem. Code Ann. § 150.002(d) (dismissal "may be with prejudice"); *see also* Tex. Gov't Code Ann. § 311.016 (West 2005) ("'May' creates discretionary authority or grants permission or a power.").

## CONCLUSION

For these reasons, we affirm the trial court's order in part and reverse and remand in part. We affirm the portion of the trial court's order denying Consolidated's motion to dismiss as to Carothers Homes's non-negligence claims, reverse the portion of the order as to Carothers Homes's negligent misrepresentation claim, and remand to the trial court for further consideration consistent with this opinion.

_____

Jan P. Patterson, Justice

Before Justices Patterson, Waldrop and Henson;
   Dissenting Opinion by Justice Waldrop

Affirmed in part; Reversed and Remanded in part

Filed:   December 5, 2008

13