

# IN THE
# TENTH COURT OF APPEALS

_____

### No. 10-09-00272-CV

_____

**MIKE USTANIK AND WIFE, TERESA USTANIK,**

                                                              **Appellants**

 **v.**

**NORTEX FOUNDATION DESIGNS, INC.,**
**JERRY L. COFFEE, P.E., AND READY CABLE, INC.,**

                                                              **Appellees**

_____

### From the 413th District Court
### Johnson County, Texas
### Trial Court No. C20070097

_____

## CONCURRING AND DISSENTING OPINION

_____

I join the majority's opinion on the resolution of the first and second issues. I concur in part and dissent in part to the majority's opinion and judgment on the third issue.

I agree with the majority that the former version of section 150.002, with the 2005 amendments, applies to this case. I join the majority opinion's ruling that the negligent misrepresentation and breach of contract causes of action should be dismissed. But I believe the DTPA cause of action should not be dismissed and therefore dissent.

In this case, under the necessary analysis of the 2005 act, negligent misrepresentation and breach of contract are "[actions] arising out of the provision of professional services." However, the 2005 act goes further and states that the certificate of merit affidavit "shall set forth specifically at least one negligent act, error or omission claimed to exist and the factual basis for each such claim." How then do we square the "arising" language and the "negligent" language in a review of an alleged non-negligence cause of action for the necessity of certification? Our sister courts have struggled at this point. The analyses by the majority and the dissent in *Consolidated Reinforcement* are excellent examples of that struggle. *See Consolidated Reinforcement, L.P. v. Carothers Executive Homes, Ltd.,* 271 S.W.3d 887 (Tex. App.—Austin 2008, no pet.). Ultimately, I agree with the dissent in that case that the reconciliation of the language and its application, as stated above, rests on the characterization of the supporting alleged facts behind the labeled causes of action and the breaches of duty that are involved. *See id.* at 896-97 (Waldrop, J., dissenting); *see also Parker County Veterinary Clinic, Inc. v. GSBS Batenhorst, Inc.,* No. 2-08-380-CV, 2009 WL 3938051, at *3-5 (Tex. App.—Fort Worth, Nov. 19, 2009, no pet. h.).

In the present case, the pleaded breaches of duty, by errors of omission or commission, speak to tort concepts, even if one of the alleged theories was breach of contract. Presently, the elements of negligent misrepresentation, particularly the namesake element, rely in part on the provision of professional services while alleging negligence. Looking backward at the breach of contract pleading, it too relies heavily on the provision of professional services. In summary, the majority, in the present case,

summarizes the overall breach of the duty owed as being "by failing to design … and not properly conducting … inspection."  That characterization is consistent with both negligent misrepresentation and breach of contract as alleged.

However, the DTPA claim is a legislatively crafted cause of action that relies on "sponsorship and approval" in this case and has an exemption for a professional opinion that further buffers it from the statutory professional services concept that would otherwise have required certification.  *See* TEX. BUS. & COMM. CODE ANN. §§ 17.46(b)(5), 17.49(c)(1) (Vernon Supp. 2009).  And the laundry list of "false, misleading, or deceptive acts or practices" significantly emphasizes misrepresentation.  *See id.* § 17.46(b).

I believe the DTPA claim is a non-negligence claim that does not need a certificate of merit and may be pursued.  Because the majority affirms the complete dismissal by the trial court and I cannot, I respectfully concur and dissent accordingly.


REX D. DAVIS
Justice

Concurring and Dissenting Opinion delivered and filed June 16, 2010