IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-10-00058-CV

 

CH2M Hill Trigon, Inc.,

                                                                                    Appellant

 v.

 

J7 Contractors, Inc.,

                                                                                    Appellee

 

 



From the 77th District Court

Freestone County, Texas

Trial Court No. 09-172-A

 



MEMORANDUM  Opinion










 

            J7 Contractors, Inc, a Texas
corporation with its principal place of business in Fairfield, Texas, filed
suit against CH2M HILL Trigon, Inc., for fraud and tortious interference. 
Trigon, a Delaware corporation with its principal place of business in
Colorado, filed a special appearance.  After the initial hearing was continued
and J7 was allowed to amend its petition, the trial court conducted another
hearing and denied Trigon’s special appearance.  Trigon appealed that
decision.  Trigon then filed a motion to dismiss J7’s claims with prejudice
pursuant to section 150.002 of the Texas Civil Practice and Remedies Code.  The
trial court denied the motion to dismiss.  Trigon also appealed that decision. 


            Because Trigon’s contacts with Texas were sufficient to support general jurisdiction, the trial court’s order denying
Trigon’s special appearance is affirmed.  Because J7’s claims against Trigon
were claims of professional negligence, the trial court erred in denying
Trigon’s motion to dismiss when J7 did not contemporaneously file a certificate
of merit with its petition.  The trial court’s order denying Trigon’s motion to
dismiss is reversed and remanded for further proceedings.

Special Appearance

            Under the Texas long-arm statute, the
plaintiff has the initial burden to plead sufficient allegations to confer
jurisdiction.  Retamco Operating, Inc. v. Republic Drilling Co., 278
S.W.3d 333, 337 (Tex. 2009); American Type Culture Collection, Inc. v.
Coleman, 83 S.W.3d 801, 807 (Tex. 2002).  The defendant seeking to avoid
being sued in Texas then has the burden to negate all potential bases for
jurisdiction pled by the plaintiff.  Id.  When, as here, the trial court
does not make findings of fact and conclusions of law in support of its ruling,
"all facts necessary to support the judgment and supported by the evidence
are implied."  Retamco, 278 S.W.3d at 337 (quoting BMC Software Belgium, N.V. v. Marchand, 83 S.W.3d 789, 795 (Tex. 2002) (citations omitted)).  

            Personal jurisdiction is a question of
law which we review de novo. BMC Software, 83 S.W.3d at 794.  "Texas courts may assert in personam jurisdiction over a nonresident if (1) the Texas long-arm statute authorizes the exercise of jurisdiction, and (2) the exercise of
jurisdiction is consistent with federal and state constitutional due-process
guarantees." Moki Mac River Expeditions v. Drugg, 221 S.W.3d
569, 574 (Tex. 2007).

            In its first amended petition, J7
generally pled that although Trigon is a Delaware corporation with its
principal place of business in Englewood, Colorado, it has a registered agent
for service of process in Texas, is registered to do business in Texas, has
signed contracts with Texas businesses with Texas forum selection clauses, has
advertised on its website that it has conducted work in Texas and for Texas business,
traveled to Texas to develop work from Texas businesses, and “has otherwise had
continuous and systematic contact with Texas, both in its current and former
corporate incarnations.”  

            In its response to Trigon’s special
appearance, J7 also alleged that Trigon recruited J7 for the project that is
the subject of the proceeding below, the Colorado project.  J7 claimed that
Trigon then negligently prepared a bid package and sent it to Texas and made
misrepresentations in the context of negotiations and discussions with J7 and
other suppliers in Texas that were picked to work on the project.

            Trigon argues that, in its original
petition, J7 failed to allege any basis for specific or general jurisdiction
over Trigon.  Trigon makes much on appeal about the fact that J7 was allowed to
amend their petition after a continuation of the special appearance hearing. 
However, because Trigon assigns no error to this decision by the trial court,
we will not determine the propriety of that decision.  Trigon also argues that
the trial court did not have specific jurisdiction because none of J7’s claims
pled arose from or were related to any contact Trigon had with Texas.  Trigon contends that J7’s claims arose solely from alleged acts that occurred in Colorado.  Trigon further argues that the trial court could not exercise its general
jurisdiction because J7 did not prove a pattern of continuing and systematic
activity.  Trigon contends that it maintains no office in Texas, owns no real
estate in Texas, and does not conduct regular business in Texas.

Step One—the Long Arm
Statute

            The Texas long-arm statute provides:

In addition to other acts that may constitute
doing business, a nonresident does business in this state if the nonresident:

 

(1) contracts by mail or otherwise with a Texas resident and either party is to perform the contract in whole or in part in this
state;

 

(2) commits a tort in whole or in part in this
state; or

 

(3) recruits Texas residents, directly or through
an intermediary located in this state, for employment inside or outside this
state.

 

Tex. Civ. Prac. &
Rem. Code Ann. § 17.042 (Vernon 2008).  The statute's broad
doing-business language "allows the statute to reach as far as the federal
constitutional requirements of due process will allow."  Retamco,
278 S.W.3d at 337 (quoting Moki Mac, 221 S.W.3d at 575 (citations
omitted)); accord Michiana Easy Livin' Country, Inc. v. Holten,
168 S.W.3d 777, 788 (Tex. 2005). Therefore, we only analyze whether Trigon's
acts would bring it within Texas' jurisdiction consistent with constitutional
due process requirements.  See Moki Mac, 221 S.W.3d at 575
(citations omitted).

Step Two—Constitutional
Due Process Guarantees

            Under a constitutional due-process
analysis, personal jurisdiction is achieved when (1) the non-resident defendant
has established minimum contacts with the forum state, and (2) the assertion of
jurisdiction complies with "traditional notions of fair play and
substantial justice." Moki Mac, 221 S.W.3d at 575 (quoting Int'l
Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S. Ct. 154, 90 L. Ed. 95
(1945)). We focus on the defendant's activities and expectations when deciding
whether it is proper to call the defendant before a Texas court.  Int'l Shoe
Co., 326 U.S. at 316.

            A.        Minimum Contacts

            A defendant establishes minimum
contacts with a state when it "purposefully avails itself of the privilege
of conducting activities within the forum state, thus invoking the benefits and
protections of its laws."  Hanson v. Denckla, 357 U.S. 235, 253, 78 S. Ct. 1228, 2 L. Ed. 2d 1283 (1958) (citing Int'l Shoe Co., 326 U.S. at 319).  "The defendant's activities, whether they consist of direct acts within
 Texas or conduct outside Texas, must justify a conclusion that the defendant
could reasonably anticipate being called into a Texas court."  Am. Type
Culture Collection, 83 S.W.3d at 806 (citing World-Wide Volkswagen Corp.
v. Woodson, 444 U.S. 286, 297, 100 S. Ct. 559, 62 L. Ed. 2d 490 (1980)).  A
nonresident's contacts can give rise to either specific or general jurisdiction. 
Am. Type Culture Collection, 83 S.W.3d at 806.  General jurisdiction
arises when the defendant's contacts with the forum are continuous and
systematic.  Id. at 807. Specific jurisdiction arises when (1) the
defendant purposefully avails itself of conducting activities in the forum
state, and (2) the cause of action arises from or is related to those contacts
or activities.  Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472, 105 S. Ct. 2174, 85 L. Ed. 2d 528 (1985); National Indus. Sand Ass'n v. Gibson,
897 S.W.2d 769, 774 (Tex. 1995).  J7 alleged both general and specific
jurisdiction.

            1.         General Jurisdiction

            A general jurisdiction inquiry is very
different from a specific jurisdiction inquiry and involves a "more
demanding minimum contacts analysis" with a "substantially
higher" threshold.  PHC-Minden, L.P. v. Kimberly-Clark Corp., 235
S.W.3d 163, 168 (Tex. 2007) (citations omitted).  General jurisdiction is
described as “dispute-blind;” it involves a court's ability to exercise
jurisdiction over a nonresident defendant based on any claim, including claims
unrelated to the defendant's contacts with the state.  Id.  Further,
general jurisdiction is based solely on the defendant's "continuous and
systematic" contacts with the forum. Id. at 169. (citing Helicopteros
Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 416, 104 S. Ct. 1868, 80 L. Ed. 2d 404 (1984)).

            2.         Trigon’s Contacts

            At the second hearing on Trigon’s
special appearance, J7 relied on many documents attached to its response to
Trigon’s special appearance and documents attached to its motion to compel
discovery.  No objection was made to J7’s ability to rely on any of these
documents for the purpose of contesting the special appearance.  

            Those documents show that Trigon is
registered to do business in Texas and has a registered agent in Dallas.  In 2008, Trigon entered into at least three contracts with companies that were
either incorporated in or headquartered in Texas.  Two of Trigon’s employees
held professional surveyor licenses in Texas.  

            In response to interrogatories by J7,
Trigon listed written communications and advertising from Trigon to businesses
headquartered or incorporated in Texas.  At least twelve businesses in Texas were contacted by Trigon during 2008 and 2009.  Trigon sent a proposal to Blue
Source, LLC and for which a power point presentation was created the month
before.  Nine emails were sent to Blue Source personnel to discuss the
possibility of working on a project in Kansas.  Trigon sent four emails to Conoco
Phillips for business development.  Also, Trigon sent two emails to Cross Tex
Energy for business development.  Trigon sent five emails to Kinder Morgan for
business development.  It also sent a power point presentation to Kinder Morgan
and had a booth at a Kinder Morgan supplier showcase.  A power point
presentation was sent to Spectra Energy.  Four emails were sent to Shell Oil
for business development.  Two more emails were sent to Kinder Morgan, and
Trigon gave a presentation to Kinder Morgan about a proposal for an eastern
shelf CO2 pipeline study.  Ten emails were sent to DCP Midstream,
LLC for business development.  Trigon also gave a presentation to Midstream and
negotiated a master services agreement with Midstream.  Fifteen emails were
sent to Encore Acquisition Co. for business development.  Thirty-one emails
were sent to Energy Transfer Transwestern PL for business development and a
master service agreement was negotiated between Trigon and Energy Transfer. 
Trigon gave a presentation to ExxonMobil Development Corp. and issued a
proposal for a CO2 pipeline study.  Trigon also participated in the
El Paso EHS Summit for two days in February of 2009.

            Again in response to interrogatories,
Trigon stated that .67% of its total gross income in 2007 was earned from
contractual services performed in Texas.  Almost 70% of its total gross income
in 2007 was earned from contractual services for entities incorporated or
headquartered in Texas.  In 2008, .55% of Trigon’s total gross income was
earned from contractual services performed in Texas while 39.2% of its total
gross income from the same year was earned from contractual services for
entities incorporated or headquartered in Texas.  In 2009, .58% of Trigon’s
total gross income was earned from contractual services performed in Texas while 49.6% of its total gross income from the same year was earned from contractual
services for entities incorporated or headquartered in Texas.

            The only contract with a Texas company that Trigon produced through discovery was the contract with Kinder Morgan, a
company based in Houston.  The contract was a 5-year, $10,000,000 contract for
services by Trigon to Kinder Morgan for whatever services Kinder Morgan wanted
Trigon to perform.  The contract is set to expire in 2011.  But Trigon has also
done business with two more companies in Texas besides Kinder Morgan and J7; it
requested bids from and were supplied parts by SPX Flow Control and Kidd
Pipeline.  Both SPX and Kidd Pipeline are Houston companies.

            J7 also produced, and included as an
attachment to its response to Trigon’s special appearance, a timeline of
Trigon’s contacts in Texas.  This summary is based on documents provided to J7
by Trigon.  Trigon did not object to the trial court’s consideration of this
timeline.  In this timeline, J7 detailed when Stu Asselin, Trigon’s president,
was in Texas.  In 2008, Asselin was in Texas for business for a total of 19
days over three non-consecutive months.  In 2009, Asselin was in Texas for business for a total of 31 days over five non-consecutive months.  Other Trigon
personnel had also been in Texas for business.  From January 26, 2008 through February 8, 2008, Cody Huffy was in Texas.  From May 3, 2008 to May 6, 2008, Mark Hall and Jeff Virdi were in Texas.  Hall was in Stonewall County and Verdi was in the cities of Midland, Odessa, and Snyder.  From June to
October of 2008 Jeremy and Johnny Prine were in the cities of Sweetwater, Odessa, and Midland.  In June of 2008, Doug Chinn spent time in the cities of Midland, Snyder, and Austin.  Chinn was in Sweetwater in August of 2008.  Justin Sykes was
in Texas from September 21 through October 16, 2008.  In 2009, John Blakney attended meetings in Houston for four days in February.  John Wanzeck was at a
pipeline conference in Fort Worth for three days in April.  Mark Miller spent
two days in Houston for marketing in May, 2009, and Stu Asselin set up a “lunch
and learn” for 30 people in Houston during the same timeframe.

            In light of these contacts, we
conclude that Trigon’s contacts with Texas were “continuous and systematic” and
were more than sufficient to support general jurisdiction.  Accordingly, we
need not determine whether Trigon’s contacts with Texas supported specific
jurisdiction.

            B.        Traditional Notions of
Fair Play and Substantial Justice

            Having determined that Trigon has
minimum contacts with Texas sufficient to support general jurisdiction, we must
determine whether an assertion of jurisdiction over Trigon comports with
"traditional notions of fair play and substantial justice." Guardian
Royal, 815 S.W.2d at 228.  "Only in rare cases, however, will the
exercise of jurisdiction not comport with fair play and substantial justice
when the nonresident defendant has purposefully established minimum contacts
with the forum state."  Id. at 231 (citing Burger King, 471 U.S. at 477).  Nonetheless, we still consider: (1) the burden on the defendant; (2) the
interests of the forum state in adjudicating the dispute; (3) the plaintiff's
interest in obtaining convenient and effective relief; (4) the interstate
judicial system's interest in obtaining the most efficient resolution of
controversies; and (5) the shared interest of the several states in furthering
fundamental substantive social policies.  Retamco Operating, Inc. v. Republic
Drilling Co., 278 S.W.3d 333, 341 (Tex. 2009); Guardian Royal, 815
S.W.2d at 228, 231.

            Trigon contends that it will be unduly
burdened to try the case in Texas because all of it employees who may have
knowledge of the relevant facts reside in Colorado.  However, Trigon had no
previous problem sending employees to Texas to participate in training or to
gather information.  We do not perceive an undue burden, then, in trying a
lawsuit in Texas.  Trigon also claims that Texas has no interest in
adjudicating the dispute between Trigon and J7.  However, Texas has an interest
in adjudicating disputes involving Texas residents and Texas is a convenient
forum to adjudicate this dispute.  See Lewis v. Indian Springs Land
Corp., 175 S.W.3d 906, 919 (Tex. App.—Dallas 2005, no pet.).  Further,
Trigon contends that the most efficient and complete resolution of the dispute
could only happen in Colorado.  Notwithstanding that the work was to be
performed in Colorado, the shared interest of other states in furthering fundamental
substantive social policies can be implemented by Texas courts as effectively
as the courts in Colorado.  See id.  

            Weighing the various factors, we find
that the exercise of general jurisdiction over Trigon by a Texas court does not
offend traditional notions of fair play and substantial justice.

            Trigon’s first issue is overruled.

Section 150.002

            In its second issue, Trigon argues
that the trial court erred in denying its motion to dismiss J7’s suit due to
J7’s failure to file a certificate of merit required by section 150.002 of the
Texas Civil Practice and Remedies Code.  At the time J7 filed its suit against
Trigon, section 150.002 required a plaintiff, in a suit for damages arising out
of professional services by a licensed or registered professional, to file with
the complaint a "certificate of merit"—the affidavit of a third-party
licensed professional engineer.  See Act of May 18, 2005, 79th Leg., R.S., ch. 208, § 2, 2005 Tex. Gen. Laws 369, 370 (amended 2009) (current
version at Tex. Civ. Prac. & Rem.
Code Ann. § 150.002(a) (Vernon Supp. 2009)).  The current version of
Section 150.002 applies to a suit filed or commenced on or after September 1, 2009, the effective date of the amendments.  Here, J7 originally filed its
suit against Trigon on May 26, 2009.  Accordingly, we apply the former version of section 150.002 in this case.  See Ustanik v. Nortex Found.
Designs, Inc., 2010 Tex. App. LEXIS 4539, *1-2, ___ S.W.3d ___ (Tex. App.—Waco June 16, 2010, pet. filed).

            The parties do not dispute that J7
failed to file the certificate of merit with its suit.  The required result of
that failure is a “dismissal of the complaint,” with or without prejudice.  See
Act of May 18, 2005, 79th Leg., R.S., ch. 208, § 2, 2005 Tex. Gen. Laws 369,
370 (amended 2009) (current version at § 150.002(e)).  The trial court denied
Trigon’s motion to dismiss J7’s suit.

Standard of Review

            We review a trial court's decision on
a motion to dismiss a case for failure to comply with section 150.002 for an
abuse of discretion.  Ustanik v. Nortex Found. Designs, Inc., 2010 Tex. App. LEXIS 4539, *2, ___ S.W.3d ___ (Tex. App.—Waco June 16, 2010, pet. filed); Palladian Bldg. Co. v. Nortex Found. Designs, Inc., 165 S.W.3d 430, 433 (Tex. App.—Fort Worth 2005, no pet.); see also Jernigan v. Langley, 195 S.W.3d
91, 93 (Tex. 2006) (applying similar statute in context of healthcare liability
suits).  However, if resolution of the issue requires us to construe statutory
language, we review under a de novo standard.  See Entergy Gulf States,
Inc. v. Summers, 282 S.W.3d 433, 437 (Tex. 2009); Palladian Bldg.,
165 S.W.3d at 436 (citing Tex. Dep't of Transp. v. Needham, 82
S.W.3d 314, 318 (Tex. 2002)).  Once we determine the proper construction of the
statute, we determine whether the trial court abused its discretion in the
manner in which it applied the statute to the instant case.  See Palladian
Bldg., 165 S.W.3d at 436.

Non-negligence Claims

            In response to Trigon’s motion to
dismiss and on appeal, J7 argues that the trial court did not err in failing to
dismiss its claims because the claims remaining after J7 amended its petition
for the second time are non-negligence claims and are not subject to the
requirement for a certificate of merit.  J7 alleged in its second amended
petition claims for tortious interference and fraud.  

            Some courts have held that, under the
2005 version of section 150.002, the filing of a certificate of merit is not
required for non-negligent claims.  See Landreth v. Las Brisas
Council of Co-Owners, Inc., 285 S.W.3d 492, 500 (Tex. App—Corpus Christi
2009, no pet.); Consol. Reinforcement v. Carothers Exec. Homes, Ltd.,
271 S.W.3d 887, 894 (Tex. App.—Austin 2008, no pet.); Kniestedt v. Sw. Sound
& Elecs., 281 S.W.3d 452, 455 (Tex. App.—San Antonio 2007, no pet.). 
In 2009, the statute was amended to specifically address this determination
which had been initiated by the San Antonio Court in 2007.  See 2009
Legis. Bill Hist. TX S.B. 1201  (“This issue arose out of a couple of 2007
court cases from the San Antonio 4th Court of Appeals, which said that although
the statute was broadened in 2005 from ‘negligence’ actions to ‘any action
arising out of the provision of professional services,’ the affidavit
requirement still spoke only to negligence. Therefore, the court did not agree
that it applied to actions other than negligence, despite clear language in the
statute and the fact that it was specifically amended to broaden it in 2005 (HB
1573)”).  

            As we discussed in Ustanik,
under a proper analysis of the 2005 act, it may be that if there is not a
certificate of merit filed with the petition, the trial court is required to
dismiss not only any negligence claim but also “any action arising out of the
provision of professional services.”  See Ustanik v. Nortex Found.
Designs, Inc., 2010 Tex. App. LEXIS 4539, *11, ___ S.W. 3d ___,  (Tex. App.—Waco June 16, 2010, pet. filed).  At this time,  we find it unnecessary in this
proceeding to resolve that question.

            In Ustanik, we determined that,
like the First Court in Ashkar, we look to the plaintiff’s pleadings to
determine whether the additional claims asserted were non-negligence claims and
are not bound by the labels of the claims used by the plaintiff.  See id.
at *12; Ashkar Eng'g Corp. v. Gulf Chem. & Metallurgical Corp., No. 01-09-00855-CV, 2010 Tex. App. LEXIS 769, *22 (Tex. App.—Houston [1st Dist] Feb. 4, 2010) (mem.) (appeal dism'd, 2010 Tex. App. LEXIS 2807, April 15, 2010).  Contra Consol. Reinforcement, 271 S.W.3d at 894; Gomez v. STFG,
Inc., No. 04-07-00223-CV, 2007 Tex. App. LEXIS 7860, *6-7 (Tex. App.—San Antonio Oct. 3, 2007, no pet.) (both cases holding that claims merely labeled
as non-negligence claims were not subject to the requirement of a certificate
of merit).  Accordingly, we look to J7’s pleadings to determine if its claims
are, in fact, non-negligence claims.

Factual Allegations 

            According to the second amended
petition, OneOK, a subsidiary of a company involved in the natural gas
business, hired Trigon to provide engineering services for and supervise production
of a natural gas pipeline in Colorado.  The two companies sent bid requests to Texas.  J7 was one of the pipeline companies that
responded.                                                                                                            
                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                           

            J7 based its bid on the information
provided by Trigon.  After reviewing the bid, Trigon asked J7 to lower its
bid.  The contract was awarded to J7 based on the lowered bid.  According to
the provided bid information, the project was to begin around August 4, 2008 and be completed by November 2008.  J7 began moving personnel and equipment
in early August but because of delays in the procurement of materials, as well
as other issues with Trigon, work was delayed.  Trigon did not tell J7 why the
start date was delayed or disclose that materials were not going to be timely
provided.  Trigon insisted, however, that J7 increase its personnel and
equipment.

            Delays continued to occur on the
project.  There were delays in receiving necessary materials, surveys and X-ray
inspections were not timely completed by Trigon, and Trigon required J7 to
follow improper specifications and procedures.  One survey provided by Trigon
placed a pipeline through old bridge pilings in a river that could not be
penetrated by drilling equipment.  J7 had to drill significantly deeper to go
under the pilings.  When it was time for hydrostatic testing, OneOK refused to
provide the water it had previously agreed to provide.  After 21 days of delay
and after refusing alternative suggestions by J7, Trigon instructed J7 to use
irrigation water pumped from area canals.  The water was unclean and needed
filtration.  Filters were replaced “constantly.”  After filtration, the water
was still fouled which required J7 to perform extensive “dewatering” to clean
out the pipes.

            Hydrotesting revealed that gaskets
provided by Trigon were inadequate to hold the pressure.  The specifications
that Trigon required J7 to use in tightening the gaskets were incorrect and
damaged the gaskets.  J7 was forced to replace these and other parts.

            J7 incurred “massive” additional
expenses on the project due to delays by Trigon and due to the changes and
increases to the scope of J7’s work beyond what was stipulated in the
contract.  Expenses caused by downtime, improper engineering and surveying,
faulty equipment and other changes greatly increased J7’s damages.

Claims Against Trigon

            Before Trigon filed its motion to
dismiss pursuant to section 150.002 of the Texas Civil Practice and Remedies
Code, J7 alleged claims of negligence, negligent misrepresentation, and
tortious interference.  Each of these claims were based on inaccurate or
misrepresented information provided by Trigon about the project and the plans
for completing the project.  Four days after Trigon filed its motion to dismiss
and three months after J7 filed its first amended petition, J7 dropped its
negligence and negligent misrepresentation claims, added more to the tortious
interference claim, and added a fraud claim.

 

            Tortious Interference

            In its second amended petition, J7
alleges that Trigon was aware of the contract between OneOK and J7 and that
Trigon willfully and intentionally interfered with the contract by
misrepresenting facts, failing to disclose facts, providing false information,
and delaying J7’s performance under the contract.  

            Fraud

            J7 also alleges that Trigon
misrepresented or failed to disclose material information to J7 regarding the
project and the contract in both procuring the contract and in altering goods
and services provided under the contract.  J7 alleges that Trigon knew the
information was false or was reckless in regard to the falsity of the
information and failed to disclose critical information or made representations
with the intention that J7 rely on those representations.  J7 further alleges
that Trigon knew that pipe bends, valves, and necessary pieces of equipment
would not be delivered to the jobsite in a timely manner and did not disclose
the delays to J7.

            In reviewing the claims and factual
allegations in J7’s second amended petition, we conclude the underlying
complaint of J7 against Trigon is that J7 was injured by Trigon’s failure to
disclose information and in providing inaccurate information, such as incorrect
surveys.  Thus, we believe that J7’s claims of tortious interference and fraud
constitute claims of professional negligence within the meaning of the statute
and as such require a certificate of merit.  Accordingly, the trial court
abused its discretion in failing to dismiss J7’s claims against Trigon due to
J7’s failure to file the required certificate of merit.  Trigon’s second issue
is sustained.

Good Cause

            J7 argues that even if Chapter 150
applies, it should be given an extension of time for good cause to comply with
the certificate of merit requirement.  J7 relies on the last sentence of
section 150.002(b) where the statute provides, “The trial court may, on motion,
after hearing and for good cause, extend such time as it shall determine
justice requires.”  Tex. Civ. Prac.
& Rem. Code Ann. § 150.002(b) (Vernon Supp. 2009) (emphasis added). 
However, the phrase “such time” refers to the 30 days given a plaintiff who has
not complied with the contemporaneous filing requirement of subsection (a)
because the limitation period for the filing of the suit expires within 10 days
of the date of filing and because of that time constraint, a certificate
of merit cannot be prepared and timely filed.  In those cases, the trial
court may grant an extension for good cause.  J7 has not alleged that it could
not provide a certificate of merit because the limitation period for filing its
suit would have expired within 10 days from the filing of the suit.  Therefore,
this “good cause” exception is not available to J7.

Conclusion

            Having overruled Trigon’s issue
regarding its special appearance but sustained its issue regarding the
certificate of merit, the trial court’s order denying Trigon’s special
appearance is affirmed and the trial court’s order denying Trigon’s motion to
dismiss is reversed.  This case is remanded for further proceedings.

 

                                                                        TOM
GRAY

                                                                        Chief
Justice

 

Before
Chief Justice Gray,

            Justice
Reyna, and

            Justice
Davis

            (Justice
Davis concurring and dissenting with a note)*

Affirmed
in part and reversed and remanded in part

Opinion
delivered and filed September 15, 2010[1]

[CV06]


 

            *(“Justice
Davis concurs with this Court’s judgment on the first issue.  He dissents to
this Court’s judgment on the second issue.”)









[1]  Due to a typographical error, the Memorandum
Opinion, but not the judgment, issued September 1, 2010 is withdrawn and
replaced with this opinion issued on September 15, 2010.