# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## BEFORE THE COURT FOR EN BANC CONSIDERATION

---

## NO. 03-10-00108-CV

---

**S & P Consulting Engineers, PLLC, Appellant**

**v.**

**Sherman Baker, Denessa Baker, Aundi Bennett, David Cervantes, Melissa Cervantes, Quincy Davis, Mary Davis, Antonio Gonzales, Sandra Gonzales, Anthony Grimes, Jessica Grimes, Maria Herrera, Oliver Koenig, Heather Koenig, Bryan Parks, Nicoshia Parks, Angela Partida, Gilbert Partida, David Pena, Jessica Pena, Diane Perez, Joe Perez, Angel Ramirez, Frances Ramirez, Melissa Rebolloso, Tammy Lynn Ross, Catalino Serrano, Juana Serrano, Joseph Silva, JoAnna Silva, Daniel Sustaita, Samantha Sustaita, Lydia Torres, and Maria Zuniga, Appellees**

---

**FROM THE DISTRICT COURT OF HAYS COUNTY, 207TH JUDICIAL DISTRICT NO. 08-0942, HONORABLE CHARLES R. RAMSAY, JUDGE PRESIDING**

---

## D I S S E N T I N G   O P I N I O N

I respectfully dissent from the majority opinion in this case. I would hold that the 2009 amendments to civil practice and remedies code section 150.002 govern the appellees' claims against S & P. *See* Act of May 29, 2009, 81st Leg., R.S., ch. 789, § 2, 2009 Tex. Gen. Laws 1991, 1992 (now codified at Tex. Civ. Prac. & Rem. Code Ann. § 150.002 (West Supp. 2010)). Because the 2009 version of section 150.002 requires a certificate of merit for any claim for damages arising out of the provision of professional services by a design professional, I would reverse and render judgment dismissing appellees' claims on that basis. *See id.*

Prior to the 2009 amendments to section 150.002, the required certificate of merit for certain claims arising from design services was to "set forth specifically at least one negligent act, error, or omission claimed to exist and the factual basis for each such claim."  Act of May 18, 2005, 79th Leg., R.S., ch. 208, § 2, 2005 Tex. Gen. Laws 369, 370.  Based on this language, this Court and other courts of appeals held that the 2005 version of section 150.002 did not require a certificate of merit for non-negligent causes of action.  *See Curtis & Windham Architects, Inc. v. Williams*, 315 S.W.3d 102, 107-08 (Tex. App.—Houston [1st Dist.] 2010, no pet.); *Parker County Vet. Clinic, Inc. v. GSBS Batenhorst, Inc.*, No. 02-08-00380-CV, 2009 Tex. App. LEXIS 8986, at *9-10 (Tex. App.—Fort Worth Nov. 19, 2009, no pet.) (mem. op.); *Landreth v. Las Brisas Council of Co-Owners, Inc.*, 285 S.W.3d 492, 500 (Tex. App.—Corpus Christi 2009, no pet.); *Consolidated Reinforcement, L.P. v. Carothers Executive Homes, Ltd.*, 271 S.W.3d 887, 894 (Tex. App.—Austin 2008, no pet.); *Kniestedt v. Southwest Sound & Elecs., Inc.*, 281 S.W.3d 452, 455 (Tex. App.—San Antonio 2007, no pet.).  In the present case, the majority reverses *Consolidated Reinforcement* and holds that the 2005 version of section 150.002 applies to both negligent and non-negligent causes of action arising from the provision of design services.  It is unnecessary to overturn this Court's precedent, which is consistent with the holdings of all other courts of appeals that have addressed the issue, because the appellees' claims against S & P are not governed by the 2005 version of the statute.

In 2009, the legislature amended section 150.002 to provide that the certificate of merit must "set forth specifically for each theory of recovery for which damages are sought, the negligence, if any, or other action, error, or omission of the licensed or registered professional . . . and the factual basis for each such claim."  *See* Act of May 29, 2009, 81st Leg.,

R.S., ch. 789, § 2, 2009 Tex. Gen. Laws 1991, 1992 (now codified at Tex. Civ. Prac. & Rem. Code Ann. § 150.002 (West Supp. 2010)).  The appellees do not dispute that if this version of section 150.002 applies, a certificate of merit was required in connection with their non-negligence claims against S & P.

In making the 2009 amendments to section 150.002, the legislature provided that the change in law "applies only to an action or arbitration filed or commenced on or after the effective date of this Act," with the effective date being September 1, 2009.  *See id.* §§ 3-4.  The legislature further provided that an "action or arbitration filed or commenced before the effective date of this Act is governed by the law in effect immediately before the effective date of this Act."  *Id.*  Thus, if the appellees' claims against S & P represent an action filed or commenced on or after September 1, 2009, the 2009 version of section 150.002 applies.

The appellees originally filed suit in May 2008, but S & P was not added as a defendant until November 2009.  The appellees contend, and the majority agrees, that because the original suit was filed prior to the effective date of the 2009 amendments, the 2005 version of section 150.002 applies, despite the fact that S&P was not made a party until after the effective date. S & P, on the other hand, takes the position that no action was "filed or commenced" against it until it was made party to the suit in November 2009.

In *Hayes v. Carroll*, this Court considered a similar issue in connection with the expert-report requirement for health care liability claims.  314 S.W.3d 494, 499-501 (Tex. App.—Austin 2010, pet. filed).  The statute at issue stated that expert reports must be served "not later than the 120th day after the date the original petition was filed." Tex. Civ. Prac. & Rem. Code Ann. § 74.351(a) (West Supp. 2010).  Reviewing this statutory language, this Court determined that

3

the 120-day deadline is triggered for a particular defendant on the date the original petition *naming that defendant* was filed. *Hayes*, 314 S.W.3d at 500. The Court explained:

> If a defendant has not been added to a case, there has yet to be a lawsuit filed against that defendant. Even if the lawsuit against a particular defendant comes in the 10th amended petition filed in a cause number, that petition is the first document in which a lawsuit has been filed against that defendant.

*Id.* Similarly, if a defendant has not been added to a case, there has yet to be "an action . . . filed or commenced" against that defendant. *See* 2009 Tex. Gen. Laws at 1992. Thus, under the reasoning of *Hayes*, the appellees' action was not filed or commenced against S & P until November 2009, when S & P was first named as a defendant, and therefore the 2009 version of the statute should apply.

Furthermore, the legislature has demonstrated its willingness to expressly state when an otherwise prospectively filed amendment does not apply to a defendant joined or designated after the effective date in a suit filed before the effective date. In the enabling language of the 2003 tort reform legislation, the legislature specifically stated that unless otherwise provided, an action filed before the effective date of the legislation, "including an action filed before that date in which a party is joined or designated after that date," was to be governed by the law as it existed prior to the effective date. *See* Act of June 2, 2003, 78th Leg., R.S., ch. 204, § 23.02(d), 2003 Tex. Gen. Laws 847, 899; *see also* Act of May 25, 2005, 79th Leg., R.S., ch. 1319, § 2, 2005 Tex. Gen. Laws 4128, 4129 (employing same language in enacting finance code sections 276.002 and 276.003). In 2005, the legislature used this same language in a bill amending section 150.002 to expand the definition

4

of design professionals covered by the statute.[1] *See* Act of May 12, 2005, 79th Leg., R.S., ch. 189, § 4, 2005 Tex. Gen. Laws 348, 348. Specifically, the enabling language stated, "This Act applies only to an action filed on or after the effective date of this Act. An action filed before the effective date of this Act, *including an action filed before that date in which a party is joined or designated after that date*, is governed by the law in effect immediately before the change in law made by this Act, and that law is continued in effect for that purpose." *Id.* (emphasis added).

In the 2009 amendments to section 150.002, the legislature did not include language expressly stating that actions against parties joined or designated after the effective date in suits filed prior to the effective date would not be subject to the amendments. Rather, it provided only that an "action or arbitration filed or commenced before the effective date of this Act is governed by the law in effect immediately before the effective date of this Act." Act of May 29, 2009, 81st Leg., R.S., ch. 789, § 3, 2009 Tex. Gen. Laws 1991, 1992. We must presume that the legislature chooses its words carefully and refrains from using redundant or superfluous language. *See Spradlin v. Jim Walter Homes, Inc.*, 34 S.W.3d 578, 580 (Tex. 2000). We must also presume that words not included were omitted for a purpose. *See Cameron v. Terrell & Garrett, Inc.*, 618 S.W.2d 535, 540 (Tex. 1981). It appears that when the legislature intends to provide that an amendment does not apply to actions against parties joined or designated after the effective date in suits filed before the

---

[1] This legislation represented one of two amendments to section 150.002 during the 2005 legislative session. The enabling language of the other amendment provided that the change in law would be applied "only to a cause of action that *accrues* on or after the effective date." Act of May 18, 2005, 79th Leg., R.S., ch. 208, § 4, 2005 Tex. Gen. Laws 369, 370 (emphasis added). That language presents no question as to which law would apply to a defendant joined or designated after the effective date in a suit filed prior to the effective date, as the cause of action would necessarily have accrued prior to the effective date.

effective date, it is inclined to say so expressly. Because it did not do so here, I would hold that the 2009 amendments apply to actions against parties who were not joined or designated until after September 1, 2009, regardless of when the suit was originally filed against other defendants. Because S & P was not made a party to this suit until after September 1, 2009, the appellees' claims against it should be governed by the 2009 version of section 150.002.

The appellees do not dispute that the 2009 version of section 150.002, if applicable, requires a certificate of merit for all claims for damages arising out of the provision of professional services by a design professional. *See* Tex. Civ. Prac. & Rem. Code Ann. § 150.002 (West Supp. 2010). It is also undisputed that no certificate of merit was filed in this case. Accordingly, the appellees' claims against S & P for fraud and deceptive trade practices in connection with the provision of professional design services should be dismissed. *See id.* While the majority remands in the interest of justice due to the parties' and the trial court's potential reliance on this Court's precedent in *Consolidated Reinforcement*, 271 S.W.3d at 894, no remand is necessary if the holding of *Consolidated Reinforcement* remains undisturbed. Rather than remanding this case to the trial court, I would reverse and render judgment dismissing the appellees' claims against S & P.

_____

Diane M. Henson, Justice

Before Chief Justice Jones, Justices Puryear, Pemberton, Henson, Rose, and Goodwin

Filed: February 18, 2011