**Paul R.W. KNIESTEDT and Debra J. Dockery, Architects, P.C., Appellants,**

v.

**SOUTHWEST SOUND AND ELECTRONICS, INC., Appellee.**

No. 04–07–00190–CV.

Court of Appeals of Texas, San Antonio.

July 3, 2007.

John D. Charbonnet, Jr., Kochman, Donati & Charbonnet, L.L.P., Houston, for appellants.

Margaret Hensley Vaughn, Sissy Sailors, Vance & Sailors, P.C., San Antonio, for appellee.

Sitting: CATHERINE STONE, Justice, KAREN ANGELINI, Justice, PHYLIS J. SPEEDLIN, Justice.

## OPINION

Opinion by PHYLIS J. SPEEDLIN, Justice.

In this accelerated appeal, we consider whether the defendants' motion to dismiss under Chapter 150 of the Civil Practice and Remedies Code was properly denied. Because we agree that the affidavit of a third-party licensed architect is not required in a tortious interference with contract action that does not involve the negligence of an architect, we affirm the judgment of the trial court.

### BACKGROUND

Southwest Sound and Electronics, Inc. ("Southwest Sound"), a subcontractor, submitted a bid to install sound equipment in an elementary school for the Uvalde Consolidated Independent School District. Southwest Sound subsequently received a purchase order from United Electrical Contractors, Inc. ("United Electrical"), the general contractor for the project, in the amount of $9,231 for the installation and renovation of an intercom system. There-

after, United Electrical requested that 15 additional speakers be installed; Southwest Sound submitted a second bid for this additional work in the amount of $6,842.76. The architectural firm hired by the school district subsequently deleted the additional work order for $6,842.76, and instead requested a credit for this work in the amount of $6,550. Ultimately, the additional work was not performed. At the end of the project, Southwest Sound submitted a final bill for $9,138.40 to United Electrical.[1] Because of the improper credit, however, United Electrical only paid Southwest Sound $2,676.

Southwest Sound sued United Electrical and the architects, Paul R.W. Kniestedt and Debra J. Dockery, Architects, P.C., alleging breach of contract as to United Electrical, and tortious interference with an existing contract as to Paul R.W. Kniestedt and Debra J. Dockery, Architects, P.C. The architects filed a motion to dismiss the lawsuit, arguing that because Southwest Sound's petition alleged professional negligence and damages by an architect, an accompanying affidavit by a third-party licensed architect was required by statute to be filed with the petition. The trial court denied the architects' motion to dismiss. The architects brought this accelerated appeal. TEX. CIV. PRAC. & REM.CODE ANN. § 150.002(e) (Vernon Supp. 2006).

### ANALYSIS

On appeal, the architects maintain the trial court erred by failing to dismiss Southwest Sound's suit for failure to file an affidavit of a third-party licensed architect as required under section 150.002(a) of the Civil and Practice Remedies Code. TEX. PRAC. & REM.CODE ANN. § 150.002(a)

(Vernon Supp.2006). In response, Southwest Sound asserts that the statute does not require an affidavit when the plaintiff does not allege malpractice or negligence. In addition, Southwest Sound requests that we sanction the architects for filing a frivolous appeal.

 We review the trial court's order denying the architects' motion to dismiss the suit for failure to file an accompanying third-party affidavit of a licensed architect under an abuse of discretion standard. *See Palladian Bldg. Co. v. Nortex Found. Designs, Inc.,* 165 S.W.3d 430, 433 (Tex. App.-Fort Worth 2005, no pet.) (applying the same abuse of discretion standard used in reviewing motions to dismiss for failure to file expert reports in healthcare liability claims); *see also Emeritus Corp. v. Highsmith,* 211 S.W.3d 321, 326–27 (Tex. App.-San Antonio 2006, pet. denied). Section 150.002 of the Texas Civil Practice and Remedies Code, entitled "Certificate of Merit," pertains to the requirements for actions against certain licensed or registered professionals. In pertinent part, the statute provides the following:

> (a) In any action or arbitration proceeding for damages arising out of the provision of professional services by a licensed or registered professional, the plaintiff shall be required to file with the complaint an affidavit of a third-party licensed architect ... competent to testify, holding the same professional license as, and practicing in the same area of practice as the defendant, which *affidavit shall set forth specifically at least one negligent act, error, or omission claimed to exist and the factual basis for each such claim.* The third-party professional ... licensed architect shall

---

1. From the record, it appears to be undisputed that Southwest Sound fully performed the work required by the original purchase order.

be licensed in this state and actively engaged in the practice of architecture....

TEX. CIV. PRAC. & REM.CODE ANN. § 150.002(a) (emphasis added). Southwest Sound contends that the statute only requires an affidavit in actions alleging negligence, and because it is suing the architects for an intentional tort it is not required to file an affidavit. We agree. The plain wording of the statute leads us to conclude that the legislature intended for the affidavit requirement to apply only to actions alleging negligence; otherwise, it would not have specified that the "affidavit shall set forth specifically at least one negligent act, error, or omission claimed to exist." *See id.* Southwest Sound's pleadings clearly state it is suing the architects for tortious interference with an existing contract, which is an intentional tort. *See Browning–Ferris, Inc. v. Reyna,* 865 S.W.2d 925, 926 (Tex.1993) (an essential element of a tortious interference claim is a willful and intentional act of interference). Specifically, Southwest Sound claimed that the architects "willfully and intentionally interfered with this contract by its submittal [sic] of a deduct change order." When the plaintiff does not claim a negligent act, error or omission exists, and is not required to make such an allegation as an element of its cause of action, a certificate of merit is not required under section 150.002(a).

Although the architects attempt to read the statute broadly by emphasizing that "any action or arbitration proceeding for damages arising out of the provision of professional services by a licensed or registered professional" requires a third-party affidavit, further reading of the statute as a whole demonstrates that affidavits are only required in suits for negligence. TEX. CIV. PRAC. & REM.CODE ANN. § 150.002(a). Moreover, subsection (g) of the statute specifically states that this statute does not apply to "any suit or action for the payment of fees arising out of the provision of professional services." TEX. CIV. PRAC. & REM.CODE ANN. § 150.002(g) (Vernon Supp. 2006). In their brief, the architects admit that this lawsuit stems from an "alleged failure to pay for work performed." Again, we cannot conclude that such an allegation requires a certificate of merit under section 150.002. Accordingly, the trial court did not err in denying the motion to dismiss.

■ Finally, Southwest Sound asks us to sanction the architects because, under the plain language of the statute, there is no basis in law or in fact for this appeal. The determination whether to grant appellate sanctions for filing a frivolous appeal is within the discretion of the reviewing court. TEX.R.APP. P. 45. We will only award sanctions on appeal "if the record clearly shows the appellant has no reasonable expectation of reversal." *Herring v. Welborn,* 27 S.W.3d 132, 145–46 (Tex.App.-San Antonio 2000, pet. denied). Because there is little case law interpreting this relatively new statute, we cannot agree that the present appeal is devoid of merit. Accordingly, we decline to sanction the appellants.

CONCLUSION

The judgment of the trial court is affirmed.