MEMORANDUM OPINION



No. 04-07-00223-CV



Juan GOMEZ and Rosin, Johnson, Gomez and Seca, Inc.

 d/b/a Titan Engineering & Surveying Co.,

Appellants



v.



STFG, INC., et al,


Appellees



From the 49th Judicial District Court, Webb County, Texas


Trial Court No. 2006-CVQ-001281-D1


Honorable Jose A. Lopez, Judge Presiding



Opinion by: Rebecca Simmons, Justice


Sitting: Alma L. López, Chief Justice

 Sandee Bryan Marion, Justice

 Rebecca Simmons, Justice


Delivered and Filed: October 3, 2007


AFFIRMED

 This interlocutory appeal arises from the trial court's partial denial of appellants' motion to
dismiss all of appellees' claims pursuant to section 150.002(d) of the Texas Civil Practice and
Remedies Code. Because the statute does not require the dismissal of all of appellees' claims, we
affirm the judgment of the trial court.

 Factual Background

 Appellant Gomez is a principal of Appellant Rosin, Johnson Gomez and Seca, Inc., which
does business at Titan Engineering & Surveying Co. ("Titan"). STFG, Inc. ("STFG") and members
of Titan were part owners in three partnerships: the Casa Verde Venture, Woodridge Venture, and
North Plantation Venture. Each venture hired STFG to construct buildings and perform land
improvement and development for each location. STFG hired Titan to assist with the engineering,
construction and development plans of each venture. Ultimately, each venture terminated its
contract with STFG while continuing to work with Titan.

 On August 2, 2006, STFG filed three lawsuits against Titan, asserting Titan was responsible
for the terminations. Each lawsuit alleged seven causes of action: tortious interference with STFG's
contracts, conspiracy, breach of contract, wrongful termination, breach of fiduciary duty, breach of
loyalty, and breach of good faith and fair dealing. In the Woodridge Venture suit only, STFG added
an additional claim of negligence in Titan's rendering of development costs and estimates.

 On December 5, 2006, the three lawsuits were consolidated into one, at Titan's request. On
December 27, 2006, Titan moved to dismiss, with prejudice, all the claims against Titan based on
STFG's failure to comply with Section 150.002(a) of the Texas Civil Practice and Remedies Code. 
Section 150.002(a) requires the filing of an expert affidavit, known as a certificate of merit, to
support actions for damages arising from the provision of professional services. Tex. Civ. Prac &
Rem. Code Ann. § 150.002(a) (Vernon 2005). On February 6, 2007, STFG filed an expert affidavit
addressing the negligence claim. Following a hearing on Titan's motion to dismiss, the trial court
dismissed only the negligence claim and allowed the remainder of the claims to proceed. Titan
brings this appeal, seeking dismissal of the remainder of the claims pursuant to section 150.002(d)
of the Texas Civil Practice and Remedies Code. Tex. Civ. Prac & Rem. Code Ann. § 150.002(d)
(Vernon 2005). We have jurisdiction over this appeal under section 150.002(e). Tex. Civ. Prac.
& Rem. Code Ann. § 150.002(e) (Vernon 2005).

Analysis

 The issue before us is whether a trial court must dismiss all claims against Titan because
STFG failed to file an expert affidavit under section 150.002. Tex. Civ. Prac & Rem. Code Ann.
§ 150.002(a), (d) (Vernon 2005). 

 A. Standard of review

 We review a trial court's order denying a motion to dismiss for failing to file a certificate of
merit under an abuse of discretion standard. Kniestedt v. Southwest Sound and Electronics, Inc., No.
04-07-00190-CV, 2007 WL 1892220, at *1 (Tex. App.--San Antonio Jul. 3, 2007, no pet. h.). A
trial court abuses its discretion if it fails to analyze or apply the law correctly. Powell v. Stover, 165
S.W.3d 322, 324 (Tex. 2005). We first review section 150.002.

 B. Section 150.002

 In relevant part, the statute reads: 

 (a) In any action or arbitration proceeding for damages arising out of the provision
of professional services by a licensed or registered professional, the plaintiff shall be
required to file with the complaint an affidavit of a third-party . . . professional
engineer. . . which affidavit shall set forth specifically at least one negligent act, error,
or omission claimed to exist and the factual basis for each such claim. . . .


 . . . .

 

 (d) The plaintiff's failure to file the affidavit in accordance with Subsection (a) or (b)
shall result in dismissal of the complaint against the defendant. This dismissal may
be with prejudice.

 . . . .


 (g) This statute does not apply to any suit or action for the payment of fees arising out
of the provision of professional services. 


Tex. Civ. Prac. & Rem. Code Ann. § 150.002 (Vernon 2005).

 C. Meaning of "arising out of the provision of professional services" 

 The statute was amended in 2005 to expand its application from actions "alleging
professional negligence" by a design professional to any action or arbitration proceeding "arising out
of the provision of professional services." Id. Thus a certificate of merit is now required under this
statute when the action at issue arises out of the provision of certain professional services. Tex. Civ.
Prac. & Rem. Code Ann. § 150.002(a) (Vernon 2005). Neither party suggests any relevant or
persuasive authority as to what type of actions may qualify as those "arising out of professional
services" in this context. (1)

 Titan suggests this court should interpret the phrase "arising out of" broadly, so that a
certificate of merit is required if the complaint has a causal connection or relation to the rendition
of professional services. Under this interpretation, all of STFG's other causes of action, including
tortious interference, breach of good faith and fair dealing, and breach of fiduciary duty have some
relation to the professional engineering services by virtue of Titan's role as a licensed professional.

 STFG argues the non-negligence claims are outside the scope of the rendition of professional
services and that no certificate of merit was necessary for the trial court to retain these claims. We
agree. The Occupations Code defines the practice of professional engineers as "the performance of
. . . any public or private service or creative work, the adequate performance of which requires
engineering education, training, and experience in applying special knowledge or judgment of the
mathematical, physical, or engineering sciences to that service or creative work." Tex. Occ. Code
Ann. § 1001.003(b) (Vernon 2005). Included in the practice of engineering is any other professional
service necessary for the planning, progress, or completion of an engineering service. Tex. Occ.
Code Ann. § 1001.003(c)(12) (Vernon 2005). Chapter 150 acknowledges that a certificate of merit
requirement will not apply to all suits involving professional engineers and architects because it
limits the requirement to actions arising out of the provision of professional services and specifically
excludes suits regarding the payment of fees. Tex. Civ. Prac. & Rem. Code Ann. § 150.002(a), (g)
(Vernon 2005).

 Tortious interference with a contract, conspiracy, breach of contract, wrongful termination,
breach of fiduciary duty, breach of loyalty, and breach of good faith and fair dealing do not implicate
a professional engineer's education, training, and experience in applying special knowledge or
judgment. An affidavit of a licensed or registered professional setting forth the negligent act, error,
or omission and factual basis for each appears irrelevant to claims that did not arise from the
provision of professional services. We believe the non-negligence causes of action did not require
a certificate of merit. Southwest Sound, 2007 WL 1892220, at *2. 

 D. Section 150.002(d)

 Titan next argues that even if the other claims do not arise from the provision of professional
services, section 150.002(d) mandates dismissal of all claims. Titan asserts that subsection (d) does
not give the trial court discretion to render a partial dismissal. Specifically, the statute provides the
plaintiffs' failure to file the certificate of merit "shall result in dismissal of the complaint against the
defendant." Tex. Civ. Prac. & Rem. Code Ann. § 150.002(d) (Vernon 2005).

 When interpreting a statute, a court must consider the statute as a whole and make all
attempts to "harmonize its various provisions." Marcus Cable Assocs. v. Krohn, 90 S.W.3d 697, 706
(Tex. 2002). In an attempt to harmonize the provisions, however, an appellate court must avoid
constructions that would produce absurd results. Sharp v. House of Lloyd, Inc., 815 S.W.2d 245,
249 (Tex. 1991); Del Indus., Inc. v. Tex. Workers' Comp. Ins. Fund, 973 S.W.2d 743, 747-48 (Tex.
App.--Austin 1998), aff'd, 35 S.W.3d 591 (Tex. 2000). Titan's interpretation of the statute calls
for an unreasonable result.

 The negligence cause of action asserted against Titan was initially filed in only one of the
three cases that were ultimately consolidated. Titan reasons that STFG should have dismissed the
negligence claim prior to consolidation, because after consolidation of the three separate suits, the
negligence claim required dismissal of all claims absent a certificate of merit. At oral argument,
Titan did concede that under Southwest Sound, STFG was not required to file a certificate of merit
for the non-negligence related claims. Southwest Sound, 2007 WL 1892220, at *1. Because a
plaintiff is not required to file a certificate of merit for all claims against a licensed professional, we
believe that dismissal of all claims brought in a single lawsuit, including those which do not require
such a certificate of merit, would lead to an absurd result. 

 Titan interprets the word complaint used in the statute to mean a plaintiff's lawsuit. In
reviewing this statute, we do not believe the legislature intended such a broad construction of the
word complaint. The certificate of merit requirement only applies to a complaint for damages arising
out of the provision of certain professional services; thereafter, when the statute requires dismissal
for failing to file said certificate, it can only mean dismissal of that particular complaint. Titan's
reading of the dismissal language would allow a party to consolidate multiple cases and move for
dismissal on all causes of action when the plaintiff failed to meet the filing requirements for one
negligence cause of action. To allow dismissal with prejudice of unrelated meritorious claims due
to the plaintiff's failure to file a certificate of merit regarding one particular claim is neither fair nor
reasonable. We believe the more reasonable construction is that the term complaint means a cause
of action or claim rather than a petition or lawsuit.Conclusion

 After reviewing the entirety of the statute, we conclude the remaining claims alleged by
STFG are outside the scope of the rendition of professional engineering services, and no certificate
of merit was necessary. Consequently, the trial court did not abuse its discretion in failing to dismiss
those non-negligence claims. Accordingly, we affirm the judgment of the trial court.


 Rebecca Simmons, Justice



1. A licensed or registered professional is defined as a "licensed architect, registered professional land surveyor,
licensed professional engineer, or any firm in which such licensed professional practices . . . ." Tex. Civ. Prac. & Rem.
Code Ann. § 150.001(1) (Vernon 2005).