# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-08-00294-CV

**Consolidated Reinforcement, L.P. and Consolidated Reinforcement, Inc., Appellants**

**v.**

**Carothers Executive Homes, Ltd. and Carothers Homes, Inc., Appellees**

### FROM THE DISTRICT COURT OF BELL COUNTY, 169TH JUDICIAL DISTRICT
### NO. 226,501-C, HONORABLE GORDON G. ADAMS, JUDGE PRESIDING

## D I S S E N T I N G   O P I N I O N

I respectfully dissent. The majority's interpretation and application of Texas Civil Practice and Remedies Code section 150.002 is not consistent with the language of the statute. Section 150.002 plainly provides that in "any action . . . for damages arising out of the provision of professional services" by a licensed or registered professional, the plaintiff is required to file with the complaint an affidavit of an appropriately licensed professional specifically setting forth at least one negligent act, error, or omission and the factual basis for each such claim. Tex. Civ. Prac. & Rem. Code Ann. § 150.002 (West Supp. 2008). The majority concludes that this language applies only to negligence claims. However, this is not what the statute says. The requirement for an affidavit applies to any claim for damages "arising out of the provision of professional services." There is no distinction in the statute between claims arising out of the *negligent* provision of professional services and claims arising out of the *non-negligent* provision of professional services.

The statute quite plainly provides that if the claim arises out of the provision of professional services, an affidavit is required. The salient legal question, then, is not whether a claim is a negligence claim or some other kind of claim. It is whether the claim "arises out of the provision of professional services." If it does, the statute applies, and an affidavit is required.

All of Carothers Homes's claims in this case are based on the complaint that Consolidated failed to properly design and construct adequate foundations for the duplexes at issue. The design and construction services performed by Consolidated were the professional services provided to Carothers Homes. Thus, all of Carothers Homes's claims, as pleaded, arise out of the provision of professional services by Consolidated.

Carothers Homes pleaded four causes of action in its First Amended Original Petition: (1) breach of contract, (2) negligent misrepresentation, (3) breach of warranty, and (4) deceptive trade practices.[1] Each of these causes of action is expressly tied to the provision of professional engineering services by Consolidated in connection with the design and construction of the foundations at issue. The specific allegation with respect to breach of contract is that Consolidated "breached the contract by failing to design and construct adequate foundations" and by "failing to adequately supervise construction." The allegation with respect to negligent misrepresentation is that Consolidated's employees made false representations "concerning the design and construction of the Duplexes' foundations." The allegation with respect to breach of warranty is that Consolidated's engineering and construction services did not conform to the quality as represented

---

[1] The First Amended Original Petition actually lists five "causes of action." However, the first of the five listed is "Principal-Agent Liability and Respondent [sic] Superior." This is a theory of vicarious liability and is not an independent cause of action.

2

and promised. The allegation with respect to deceptive trade practices is that "the Duplexes' foundations and Defendants' services in connection therewith" were misrepresented in violation of the deceptive trade practices act. Each of the causes of action alleged by Carothers Homes is expressly based on a complaint regarding Consolidated's provision of professional engineering services to Carothers Homes.

Under section 150.002 of the civil practice and remedies code, it is the nature of the complaint alleged rather than the cause of action label chosen by the plaintiff that controls. If the complaint arises out of the provision of professional services, the statute requires an affidavit by a qualified professional to support the complaint. *See id.* The plain language of the statute does not draw a distinction between a "negligence" claim based on a complaint about professional services and a "breach of contract," "breach of warranty," or "statutory violation" claim based on the same conduct. The question for the court to decide in this context is whether the complaint arises out of the provision of professional services. The cause of action alleged does not control the inquiry.

For example, a plaintiff may complain that a defendant—which happens to be an engineering design firm—breached a lease agreement with the plaintiff/landlord. This is a breach of contract cause of action, but it would not be a complaint arising from the defendant's provision of professional services.[2] Conversely, a claim for breach of an engineering design services contract based on the allegation that the engineering design services provided did not comply with the

---

[2] Another example would be where a professional services firm was sued for tortious interference with a contract or business relationship. Such a claim would not necessarily arise out of the provision of professional services. *See Gomez v. STFG, Inc.*, No. 04-07-00223, 2007 Tex. App. LEXIS 7860, at *6-7 (Tex. App.—San Antonio Oct. 3, 2007, no pet.) (mem. op.).

3

contract would be a complaint arising from the defendant's provision of professional services. Similarly, a plaintiff who had never hired an engineering firm, but was involved in an auto accident with one of the firm's employees, might sue the firm for negligence in failing to properly supervise or train its employees to drive the company vehicles. This type of negligence claim would not implicate the provision of professional services by the firm, while a negligence claim based on the allegation that the firm was negligent in designing a structure for the plaintiff certainly would. Thus, it is the nature of the complaint rather than the cause of action pleaded that is the crux of the analysis.

The majority bases its interpretation of section 150.002 in large part on a mistaken reading of the statutory requirement that the affidavit "shall set forth specifically at least one negligent act, error, or omission claimed to exist and the factual basis for each such claim." *Id.* This mistaken reading was derived from *Kniestedt v. Southwest Sound & Electronics, Inc.*, No. 04-07-00190-CV, 2007 Tex. App. LEXIS 5163 (Tex. App.—San Antonio July 3, 2007, no pet.) (mem. op.), upon which the majority relies. The *Kniestedt* court and the majority in this case conclude that section 150.002 must only apply to allegations of negligence because otherwise the statute would not have required the affidavit to set forth at least one "negligent act, error, or omission."

This interpretation necessarily reads the phrase as if the term "negligent" modifies not only the word "act," but the words "error" and "omission" as well. This would make the phrase mean the affidavit must set forth at least one *negligent* act or *negligent* error or *negligent* omission, thereby constraining the statute to negligence claims. However, the phrase need not and should not be interpreted this way. The interpretation that is most consistent with the plain language of

4

the statute, and that does not produce a reading that is inconsistent with the express statutory directive requiring affidavits whenever the complaint arises out of the provision of professional services, is that the term "negligent" modifies only the word "act." The terms "error" and "omission," then, stand on their own, unmodified. This interpretation leaves the statutory phrase to mean that an affidavit must set forth at least one negligent act or an error (whether negligent or not) or an omission (whether negligent or not). This has the value of interpreting the phrase as written without adding modifiers that do not appear in the text—"at least one negligent act, error, or an omission." *See* Tex. Civ. Prac. & Rem. Code Ann. § 150.002. It also has the benefit of providing an interpretation that is consistent with the principal statutory directive to require an affidavit whenever there is a complaint arising from the provision of professional services regardless of how the complaint is pleaded.

The majority's interpretation leaves us with a statute that appears to require a supporting affidavit for claims of negligent provision of professional services, but not for claims of intentional misconduct or any other type of misconduct in connection with the provision of professional services. Such a distinction would not make sense. Policy reasons for requiring a supporting affidavit as part of the original petition apply equally to claims arising out of the provision of professional services that are based on non-negligent conduct as on negligent conduct. It seems to me more reasonable and more consistent with section 150.002 that the legislature intended to require supporting affidavits by qualified professionals whenever a claim for damages is based on an allegation of *any* error, omission, or negligent act arising out of the provision of professional services.

5

Since the allegations made by Carothers Homes in this case are expressly tied to Consolidated's provision of engineering design and construction services, section 150.002 of the civil practice and remedies code required Carothers Homes to file an appropriate affidavit from a qualified professional to avoid dismissal of its claims.  Consequently, I respectfully dissent and would reverse the trial court's order.

_____

G. Alan Waldrop, Justice

Before Justices Patterson, Waldrop and Henson

Filed:   December 5, 2008

6