TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN




BEFORE THE COURT FOR EN BANC CONSIDERATION 






NO. 03-10-00108-CV




S & P Consulting Engineers, PLLC, Appellant

v.

Sherman Baker, Denessa Baker, Aundi Bennett, David Cervantes, Melissa Cervantes,
Quincy Davis, Mary Davis, Antonio Gonzales, Sandra Gonzales, Anthony Grimes, 
Jessica Grimes, Maria Herrera, Oliver Koenig, Heather Koenig, Bryan Parks, 
Nicoshia Parks, Angela Partida, Gilbert Partida, David Pena, Jessica Pena, Diane Perez,
Joe Perez, Angel Ramirez, Frances Ramirez, Melissa Rebolloso, Tammy Lynn Ross,
Catalino Serrano, Juana Serrano, Joseph Silva, JoAnna Silva, Daniel Sustaita, 
Samantha Sustaita, Lydia Torres, and Maria Zuniga, Appellees



FROM THE DISTRICT COURT OF HAYS COUNTY, 207TH JUDICIAL DISTRICT
NO. 08-0942, HONORABLE CHARLES R. RAMSAY, JUDGE PRESIDING


 
O P I N I O N
 
                        S & P Consulting Engineers, PLLC, appeals the trial court’s denial of S & P’s motion
to dismiss for failure to file a certificate of merit within thirty days of filing the petition. We
conclude that, under the applicable law, appellees were required to file a certificate of merit with
their petition regarding all claims for damages arising out of the provision of professional services
by a design professional. See former Tex. Civ. Prac. & Rem. Code Ann. § 150.002(a).


 Because
appellees did not file a certificate of merit regarding such claims with their first petition making
claims against S & P, we reverse the trial court’s denial of the motion to dismiss the case. See id.
§ 150.002(d).


 Because appellees, in choosing not to file a certificate of merit, may have relied on
previous cases in both this Court and others interpreting section 150.002 of the Texas Civil Practice
and Remedies Code differently and because the trial court may have relied on that same authority in
declining to dismiss this case, we remand this cause for further proceedings in the interest of justice.




Background
                        This suit arises from alleged mistakes and misrepresentations in the platting of a
residential subdivision in which appellees


 purchased lots. Appellees allege that, in 2002, many lots
in the subdivision were within a flood plain requiring homeowners to buy flood insurance. The plat
obtained and filed by the developer, however, showed the entire subdivision to be outside that flood
plain. Appellees allege that S & P was responsible for certifying the plat for parts of the subdivision. 
Appellees allege that the developer and its successors knew that homes in the subdivision were
within the flood plain, but represented that the homes were not in the flood plain. Appellees contend
that they purchased homes relying on representations that the homes were not in the flood plain. 
They allege that, “[i]n the fall of 2005,” some appellees received notices advising them that they had
to buy insurance because their homes were in the flood plain. Although the developer’s successor
offered to pay for the insurance and the development has gained removal from the flood plain,
appellees contend that the removal may be temporary and that the risks and potential costs and losses
associated with the flood plain designation still loom.
                        In May 2008, appellees sued several parties, including Clarence L. Littlefield
and Southwest Engineers, Inc., alleging claims for deceptive trade practices and fraud. On
November 5, 2009, appellees filed a Third Amended Petition that added S & P as a defendant.


 
Appellees allege that the misrepresentations regarding the flood plain violated the deceptive trade
practices act and constitute statutory and common-law fraud.


 On December 19, 2009, S & P
answered and moved to dismiss, contending that appellees’ failure to file a certificate of merit
regarding the claims against S & P in their Third Amended Petition required dismissal of appellees’
claims against S & P. Appellees responded that a certificate of merit was required only in actions
alleging negligence, that plaintiffs did not allege negligence or negligent misrepresentation against
S & P, and, therefore, that no certificate of merit was required for the claims against S & P. The
district court denied the motion to dismiss on February 5, 2009, and this appeal followed.

Standard of review and issues on appeal
                        We review a trial court’s order denying a motion to dismiss for failing to file a
certificate of merit under an abuse of discretion standard. Kniestedt v. Southwest Sound & Elecs.,
Inc., 281 S.W.3d 452, 454 (Tex. App.—San Antonio 2007, no pet.). A trial court abuses its
discretion when it reaches a decision so arbitrary and unreasonable as to amount to a clear and
prejudicial error of law. BMC Software Belg., N.V. v. Marchand, 83 S.W.3d 789, 800 (Tex. 2002). 
We review a trial court’s ruling on a question of law de novo because a “trial court has no
‘discretion’ in determining what the law is or applying the law to the facts,” Walker v. Packer,
827 S.W.2d 833, 840 (Tex. 1992), and therefore “abuses its discretion” if it
misinterprets or misapplies the law. Perry Homes v. Cull, 258 S.W.3d 580, 598 (Tex. 2008);
Walker, 827 S.W.2d at 840.
                        S & P challenges the trial court’s interpretation of the effective date and meaning of
amendments to section 150.002. S & P contends that the suit should be dismissed under either the
2009 amendments or the 2005 amendments. Appellees argue that the 2009 amendments, applicable
to cases commenced on or after September 1, 2009, do not apply because this case was filed before
the effective date of the statute. Appellees assert that S & P conceded at trial that the 2005 version
of the statute does not apply to their claims, and they argue that, even if S & P did not waive the right
to argue for application of the 2005 version of the statute, the 2005 version did not require a
certificate for non-negligence claims.

The history of section 150.002
                        The evolution of civil practice and remedies code section 150.002 provides context
for our analysis. As enacted in 2003, the statute required plaintiffs filing claims against licensed
engineers to file an affidavit, called a certificate of merit, from a third party licensed or registered
in the same area of practice as the defendant “[i]n any action for damages alleging professional
negligence by a design professional in cases alleging negligence.” Act of June 2, 2003, 78th Leg.,
R.S., ch. 204, § 20.01, 2003 Tex. Gen. Laws 847, 896-97 (codified as Tex. Civ. Prac. & Rem. Code
Ann. § 150.002(a) (since revised)). The statute required the certificate to “set forth specifically at
least one negligent act, error, or omission claimed to exist and the factual basis for such claim.” Id.
                        Section 150.002(a) was amended in 2005 to change the nature of the allegations for
which a certificate of merit was required. See Act of May 27, 2005, 79th Leg., R.S., ch. 208, § 2,
2005 Tex. Gen. Laws 369, 370.


 The amendment omitted the language limiting the requirement to
claims “alleging professional negligence” and broadened the scope of cases in which a certificate
of merit is required. Id. (codified at § 150.002(a)(since amended)). It provided in relevant part as
follows:
In any action or arbitration proceeding for damages arising out of the provision of
professional services by a design professional, the plaintiff shall be required to file
with the complaint an affidavit of a third-party licensed architect or licensed
professional engineer competent to testify, holding the same professional license as,
and practicing in the same area of practice as the defendant, which affidavit shall set
forth specifically at least one negligent act, error, or omission claimed to exist and
the factual basis for each such claim.

Id. (emphasis added). The 2005 amendments also made the denial of a motion to dismiss under
section 150.002 appealable immediately as an interlocutory order. Id. (codified as Tex. Civ. Prac.
& Rem. Code Ann. § 150.002(e) (renumbered in 2009 as section 150.002(f))). This version of the
statute was expressly made applicable to “a cause of action that accrues on or after the effective date
of this Act,” which was September 1, 2005. See id., §§ 4, 5.
                        Section 150.002(a) was amended again in 2009, effective September 1, 2009. Act
of May 29, 2009, 81st Leg., R.S., ch. 789, § 2, 2009 Tex. Gen. Laws 1991, 1992 (codified at Tex.
Civ. Prac. & Rem. Code Ann. § 150.002(a) (West Supp. 2009)). The revisions did not change the
requirement that a certificate be filed in “any action” for damages arising out of the provision of
professional services, but added more detail regarding the qualifications of the expert. See Tex. Civ.
Prac. & Rem. Code Ann. § 150.002(a). The 2009 amendments also gave the portion of the statute
dealing with the contents of the certificate its own subsection and provide much greater detail:
The affidavit shall set forth specifically for each theory of recovery for which
damages are sought, the negligence, if any, or other action, error, or omission of the
licensed or registered professional in providing the professional service, including
any error or omission in providing advice, judgment, opinion, or a similar
professional skill claimed to exist and the factual basis for each such claim.

Id. § 150.002(b). These amendments, however, apply
only to an action or arbitration filed or commenced on or after the effective date
[Sept. 1, 2009] of this Act. An action or arbitration filed or commenced before the
effective date of this Act is governed by the law in effect immediately before the
effective date of this Act, and that law is continued in effect for that purpose.

Act of May 29, 2009, 81st Leg., R.S., ch. 789, § 3, 2009 Tex. Gen. Laws 1991, 1992.


Which version of the statute applies?
                        S & P contends that the 2009 amendments apply to the appellees’ claims against it
because it was not a party to this case—and, therefore, the “action” did not “commence” against
it—until after September 1, 2009. Appellees argue that the action commenced when they filed their
original petition in 2008, that the statute in effect then did not require plaintiffs to file a certificate
of merit for non-negligence claims, and that they were not required to file a certificate with respect
to any defendant added to this case at any time thereafter.
                        Our primary objective in statutory construction is to give effect to the legislature’s
intent through the language of the statute. State v. Shumake, 199 S.W.3d 279, 284 (Tex. 2006). We
rely on the plain meaning of the statutory text, unless a different meaning is supplied by legislative
definition or is apparent from context, or such construction leads to absurd results. City of Rockwall
v. Hughes, 246 S.W.3d 621, 625-26 (Tex. 2008); see also Tex. Gov’t Code Ann. § 311.011 (West
2005). We resort to rules of construction or extrinsic aids only when the words of the statute are
ambiguous. Entergy Gulf States, Inc. v. Summers, 282 S.W.3d 433, 437 (Tex. 2009). We then
presume that the entire statute is intended to be effective and that a just and reasonable result is
intended. Tex. Gov’t Code Ann. § 311.021(2), (3) (West 2005). We may consider the object sought
to be attained, the circumstances under which the statute was enacted, former provisions, and the
consequences of a particular construction. Id. § 311.023 (West 2005). We may consider the
legislative history of a statute regardless of whether the statute is considered ambiguous on its face. 
Id. § 311.023(3).
                        Whether the 2009 amendments apply depends on when an action commences
consistent with the enabling language of the 2009 amendment of the statute. Neither the revised
statute nor its enabling language specifies whether an action commences for all persons with the
filing of the original petition or whether an action commences for each defendant the first time it is
named as a defendant. We look to the rules of civil procedure for some guidance and context for
interpreting the words “action” and “commence.” See Acker v. Texas Water Comm’n, 790 S.W.2d
299, 301 (Tex. 1990) (“A statute is presumed to have been enacted by the legislature with complete
knowledge of the existing law and with reference to it.”). Rule 22 states that “[a] civil suit in the
district or county court shall be commenced by a petition filed in the office of the clerk.” Tex. R.
Civ. P. 22. Thereafter, “additional parties, necessary or proper parties to the suit, may be brought
in,” indicating that these new parties are being added to an action that has already commenced. See
id. R. 37. The next procedural rule, though not substantively applicable to the addition of these
appellants, sheds some light on when the drafters of the rules of procedure considered an action to
commence with respect to later-added parties. See id. R. 38. Rule 38 appears to use the word
“action” as a substitute for “suit” as used in rules 22 and 37, providing in part as follows:
 
At any time after commencement of the action a defending party, as a third-party
plaintiff, may cause a citation and petition to be served upon a person not a party to
the action who is or may be liable to him or to the plaintiff for all or part of the
plaintiff’s claim against him. . . . A third-party defendant may proceed under this
rule against any person not a party to the action who is or who may be liable to him
or to the third-party plaintiff for all or part of the claim made in the action against the
third-party defendant.
 
Id. R. 38(a) (emphasis added). This rule does not state or indicate that these new petitions
commence new actions or suits against the new parties; rather, the subsequent petitions by
defendants against new parties become part of an action that has already commenced. While these
rules are not conclusive regarding the legislature’s intent in drafting the enabling language of the
2009 version of section 150.002, they provide a context indicating that the filing of the original
petition commences the action with respect to all parties regardless of when they are brought into
the action.
                        The dissent argues that, when the legislature desires to make statutory amendments
inapplicable to existing cases, it does so expressly. The dissent notes that the first 2005 amendment
of section 150.002 illustrates this with its enabling language:
 
This Act applies only to an action filed on or after the effective date of this Act. An
action filed before the effective date of this Act, including an action filed before that
date in which a party is joined or designated after that date, is governed by the law
in effect immediately before the change in law made by this Act, and that law is
continued in effect for that purpose.
 
Act of May 12, 2005, 79th Leg., R.S., ch. 189, § 4, 2005 Tex. Gen. Laws 348, 348 (emphasis added). 
The dissent contrasts that with the enabling language of the 2009 amendment that lacks the
emphasized phrase. See Act of May 29, 2009, 81st Leg., R.S., ch. 789, § 3, 2009 Tex. Gen. Laws
1991, 1992.
                        We are not persuaded, however, that the absence of the italicized language in the 2009
amendment’s enabling language signifies that the legislature intended the opposite meaning from
the enabling language of the 2005 amendment. Had the legislature intended that result, it could have
expressly stated that intent by substituting the word “excluding” into the italicized phrase.


 This is
not an instance in which we are examining the significance of the legislature’s removal of language
from an existing statute. Here, the legislature used different enabling language to describe the set
of cases to which different versions of the statute applied. Examining the meaning of the italicized
phrase within the context of the first 2005 amendment should help illustrate whether its omission
in 2009 should be given significance. Juxtaposing the two key phrases—“an action filed before the
effective date of the statute” from the main clause and the italicized “an action filed before that date
in which a party is joined or designated after that date”—highlights the fact that the second phrase
is essentially identical to the first until the modifying portion “in which a party is joined or
designated after that date.” The set of actions commenced before the effective date of the statute
includes those in which a party is later designated. We conclude that the italicized phrase was meant
merely to emphasize that inclusion, and that the omission of the italicized phrase in the 2009
enabling language is not legally significant.



                        We conclude that, for purposes of the effective date of the 2009 version of section
150.002, an action commences when the original petition is filed. For this purpose, the action does
not recommence with the filing of an amended petition even if that petition names a new defendant
for the first time. The action from which this appeal arises commenced with the filing of the original
petition against the original defendants in May 2008, and S & P is merely an additional party who
has been brought into that action. See Tex. R. Civ. P. 37; see also Tex. R. Civ. P. 38(a).


 Because
the suit was filed before the effective date of the 2009 amendments, those amendments do not apply
to this case.
                        The enabling language of the 2009 amendment states that an action filed before its
effective date “is governed by the law in effect immediately before the change in law made by this
Act, and that law is continued in effect for that purpose.” Act of May 12, 2005, 79th Leg., R.S., ch.
189, § 4, 2005 Tex. Gen. Laws 348, 348. We must now determine what the applicable law in effect
was. Section 150.002 was previously amended in 2005. That version of the statute applies in “a
cause of action that accrues on or after the effective date of this Act,” which, for the relevant
requirements, was September 1, 2005. See Act of May 27, 2005, 79th Leg., R.S., ch. 208, §§ 4, 5,
2005 Tex. Gen. Laws 369, 370.


 A cause of action for fraud does not accrue until the plaintiff
discovers or, in the exercise of reasonable care and diligence, should have discovered the fraud. 
Murphy v. Campbell, 964 S.W.2d 265, 270 (Tex.1997). For purposes of this analysis, based on
appellees’ live petition, appellees allege that they did not discover the alleged fraud until “the fall
of 2005” when some of them began receiving notices stating that their properties were in the flood
plain designation that required flood insurance. Although “fall” is not a precise date, we take judicial
notice that, in its strict and colloquial sense, fall begins in Texas after September 1. See Webster’s
Third New International Dictionary 818 (Phillip Gove Ed. 2002) (defining “fall” and referring to
“autumn,” id. at 149). Consequently, the 2005 version of the statute applies to this appeal.




The 2005 amendment of § 150.002 requires a certificate of merit for non-negligence claims



                        Section 150.002(a), as amended in 2005, required a plaintiff to file a certificate of
merit in “any action or arbitration proceeding for damages arising out of the provision of professional
services by a licensed or registered professional.” 2005 Tex. Gen. Laws at 370. The 2005
amendment removed the original language that expressly limited the certificate requirement to cases
alleging professional negligence, but left untouched the requirement that the certificate allege a
“negligent act, error, or omission.” See id.


 The removal of the limitation to negligence cases from
the introductory phrase significantly changed the context of the unchanged phrase prescribing the
content of the certificate. The Author’s/Sponsor’s Statement of Intent in the Senate Research
Center’s bill analysis is consistent with this conclusion. It provides in relevant part as follows:
C.S.H.B. 1573 also eliminates ambiguities in Chapter 150, Civil Practice and
Remedies Code, regarding certificates of merit for design professionals. The major
areas of clarification are to ensure that the need to file a certificate of merit
exists when a suit is being filed against an architecture or engineering business, not
simply in suits against individual design professionals; the design professional
signing the certificate has the same professional license as the defendant; the suit is
for damages arising out of the providing of any professional services, except a
suit or action for the payment of fees for professional services, rather than only
suits alleging professional negligence; and that failure to file an affidavit under this
section shall result in dismissal of the case against the defendant.

Senate Comm. on Bus. & Commerce, Bill Analysis, Tex. H.B. 1573, 79th Leg., R.S. (2005)
(emphases added). The plain language of the statute, the history of the statute, and the intent of the
drafter all show that the statute, as amended in 2005, required that a certificate be filed in any
action—regardless of whether it was for negligence—so long as it arose out of the provision of
professional services.



                        The majority of a panel of this Court held in Consolidated Reinforcement that “non-negligence causes of action do not require an affidavit” under the 2005 amendments. 271 S.W.3d
at 893. The panel majority pinned its decision on the unchanged language requiring that the
certificate “shall set forth specifically at least one negligent act, error, or omission claimed to exist.” 
Citing a rule of grammatical construction that an adjective preceding a series of nouns generally
modifies every noun in the series, this Court concluded that the word “negligent” modified all three
nouns in the “negligent act, error, or omission” phrase. See id. at 893. That panel majority opinion
did not attempt to harmonize its interpretation of that phrase with the revised language of the statute
expressly requiring a certificate in “any action” arising from the provision of professional services,
nor did that panel majority opinion address the legislative intent expressed in the bill analysis. 
Instead, the Consolidated Reinforcement majority effectively repealed the 2005 amendment of
section 150.002 that expanded the scope of cases in which certificates are required, citing two cases
as instructive. See id. (citing Kniestedt, 281 S.W.3d at 454; Gomez v. STFG, Inc., No. 04-07-00223-CV, 2007 Tex. App. LEXIS 7860 (Tex. App.—San Antonio Oct. 3, 2007, no pet.) (mem. op.)).
                        The San Antonio court stated the following in Kniestedt:
The plain wording of the statute leads us to conclude that the legislature intended for
the affidavit requirement to apply only to actions alleging negligence; otherwise, it
would not have specified that the “affidavit shall set forth specifically at least one
negligent act, error, or omission claimed to exist.”

281 S.W.3d at 455. Finding that its plaintiff alleged an intentional tort, the Kniestedt court held that
no certificate was required for this non-negligence claim. Id. The court did not evaluate the
significance of the change in context of the “negligent act, error, or omission” phrase due to the 2005
amendment, nor did it address the legislative history or intent of the 2005 amendment. Three months
later, a different panel of the San Antonio court issued Gomez. See 2007 Tex. App. LEXIS 7860. 
The Gomez panel noted that the appellant conceded at oral argument that, under Kniestedt, the
plaintiff was not required to file a certificate of merit for non-negligence claims. See id. at *8. The
panel’s opinion that no certificate was needed turned, however, on the fact that the plaintiff had not
alleged misconduct in the provision of professional engineering services—not on whether the
plaintiff alleged negligence claims. See id. at *5-7. The Gomez opinion did not otherwise explore
the meaning or import of the “negligent act, error, or omission” phrase.
                        Other courts of appeals also followed these opinions. The Thirteenth Court of
Appeals relied on Gomez in declining to require dismissal for the failure of the plaintiff to file a
certificate of merit for non-negligence claims. See Landreth v. Las Brisas Council of Co-Owners,
Inc., 285 S.W.3d 492, 500 (Tex. App.—Corpus Christi 2009, no pet.). The court stated that Gomez
held that “non-negligence claims are outside the scope of professional services.” Id. The First Court
of Appeals cited the opinions in Kniestedt, Consolidated Reinforcement, and Landreth and opined
that “the 2005 version of section 150.002 does not apply in a suit other than one for negligent acts,
errors, or omissions arising out of the provision of professional services.” Curtis & Windham
Architects, Inc. v. Williams, 315 S.W.3d 102, 108 (Tex. App.—Houston [1st Dist.] 2010, no pet.). 
The court reasoned as follows:
The Williamses’ claims for damages for breach of fiduciary duty, fraud, deceptive
trade practices, unjust enrichment, and the filing of a frivolous lawsuit against them
and their request for a declaratory judgment do not implicate a negligent act, error,
or omission by C & W. It simply makes no sense to require an affidavit of a licensed
or registered professional setting forth “at least one negligent act, error, or omission
claimed to exist and the factual basis for each such claim” when, in fact, a plaintiff’s
causes of action do not concern negligence.

Id. at *14. The Corpus Christi and Houston courts did not discuss in their opinions whether
“negligent” might modify only “act,” address the meaning of the 2005 deletion of the “professional
negligence” limitation from the opening phrase of the statute, or mention the author’s express intent
for the 2005 amendments.
                        The Fort Worth Court of Appeals acknowledged the tension between the
“straightforward interpretation” of the “negligent act, error, or omission” phrase and the legislative
history and intent, but nevertheless reached the same conclusion reached in Kniestedt and its
progeny: 
 
Even though the bill analysis on the amendment provides that the statute was
amended to clarify, among other things, that the section applies when “the suit is for
damages arising out of the providing of any professional services, except a suit or
action for the payment of fees for professional services, rather than only suits alleging
professional negligence,” the statute after amendment, by its plain language,
nevertheless continues to require the expert affiant to set forth “at least one negligent
act, error, or omission claimed to exist and the factual basis for each such claim.” To
require such an affidavit outside the context of a negligence cause of action would
require an affidavit that had no relevance to the suit and would render the statute
meaningless.
 
See Parker County Veterinary Clinic, Inc. v. GSBS Batenhorst, Inc., No. 02-08-380-CV, 2009 Tex.
App. LEXIS 8986, at *8 (Tex. App.—Fort Worth Nov. 9, 2009, no pet.) (mem. op.). The Fort Worth
court rejected the dissent’s argument in Consolidated Reinforcement that the word “negligent”
modifies only “act,” choosing to agree with the majority in Consolidated Reinforcement that under
the rules of grammatical construction, the word “negligent” modifies each of the nouns that follow
it. Id. at *9.
                        We respectfully disagree with the holdings that followed and relied on the initial
ruling in Kniestedt. We conclude that their holding that the 2005 amendments did not expand the
scope of cases in which a certificate of merit is necessary beyond negligence cases incorrectly gives
a general rule of grammatical construction primacy over all other tenets of statutory construction. 
Their holding improperly rejects an alternate interpretation that would give effect to the plain
meaning of the amended language in a way that better reflects the intent demonstrated by the
amendment and the express intent of the legislature.
                        We are mindful that words and phrases must be “construed according to the rules of
grammar and common usage,” and acknowledge authority preferring that a single adjective
preceding a list of nouns modifies each of the nouns. See Tex. Gov’t Code Ann. § 311.011(a);
Consolidated Reinforcement, 271 S.W.3d at 893. However, we are also instructed that words must
be “read in context,”


 that it is presumed that “the entire statute is intended to be effective,”


 and
that we may consider, among other matters, the “(1) object sought to be attained; (2) circumstances
under which the statute was enacted; (3) legislative history; (4) common law or former statutory
provisions, including laws on the same or similar subjects; [and] (5) consequences of a particular
construction.”


 We start by looking at the plain language of a statute before resorting to rules of
construction. See Fitzgerald v. Advanced Spine Fixation Sys., Inc., 996 S.W.2d 864, 866 (Tex.
1999); Hunt Constr. Group, Inc. v. Konecny, 290 S.W.3d 238, 245 (Tex. App.—Houston [1st Dist.]
2008, pet. denied). 
                        The legislature’s intent to broaden the scope of cases in which a certificate is required
is evident in the plain language of the statute, in the nature of the change made by the amendment,
and in the legislative history. Section 150.002(a), as amended in 2005, plainly requires the filing of
a certificate of merit “[i]n any action or arbitration proceeding for damages arising from the
provision of professional services by design professionals.” 2005 Tex. Gen. Laws at 370 (emphasis
added). This language does not limit the scope of cases for which a certificate is required to any
theory of recovery. The fact that the new language replaces language requiring a certificate only in
“any action for damages alleging professional negligence” emphasizes the intent to broaden the
scope of cases in which a certificate is necessary. See id. 
                        Like the Fort Worth court, we acknowledge the tension between the amended
language broadening the scope of cases in which certificates are required and the unamended
language requiring that the certificate specify a “negligent act, error, or omission.” See Parker
County Veterinary Clinic, 2009 Tex. App. LEXIS 8986, at *8-9. If the “negligent act, error, or
omission” phrase is read to require a statement of negligence regardless of the type of claims, the
statute requires irrelevant or irresponsible allegations of negligence by plaintiffs not alleging
negligence. The Kniestedt court resolved this conflict by deciding that the statute continued to
require certificates only in cases where negligence was alleged. See 281 S.W.3d at 455.
                        We resolve that apparent conflict differently, however, in a way that gives meaning
to all parts of the statute and does not effectively repeal the amended statutory language. The
amended introductory language requiring plaintiffs to file a certificate of merit in any type action for
damages can be harmonized with the unamended language by reading the word “negligent” as
modifying only “act” in the clause requiring a certificate “to set forth specifically at least one
negligent act, error, or omission.” This reading permits a plaintiff bringing a negligence claim to
allege a negligent act (or an error or omission) that supports a negligence claim, but leaves room for
a plaintiff bringing a non-negligence claim to allege a non-negligent act or omission underlying the
claim. This interpretation gives meaning to the plain language of the amended statute requiring a
certificate in any action for damages. The plain language of the statute permits this reading, and the
revised context created by the amendment as well as the express intent of the legislature require this
departure from the general rule of construction regarding a single adjective preceding a
series of nouns.


 
                        The majority of this Court sitting en banc respectfully disagrees with the majority on
the Consolidated Reinforcement panel. We overrule the contrary holdings in Consolidated
Reinforcement, 271 S.W.3d at 893, we decline to follow cases from other courts holding that
“negligent” must modify all three nouns in the contents phrase,


 and we conclude that the word
“negligent” modifies only the word “act.” Consequently, under the 2005 amendments, a certificate
of merit had to be filed in any action for damages arising out of the provision of professional services
by a design professional—not just in actions alleging negligence—and the certificate of merit must
specify (1) a negligent act, (2) an error, or (3) an omission, on which the claim is based.
                        Under this interpretation, appellees were required to file a certificate of merit in this
case. Appellees allege that S & P was responsible for certification of the development plat for four
phases of the development. They complain that the representations in and regarding the plat
constitute violations of the deceptive trade practices act, statutory fraud, and common-law fraud. 
These claims relate to S & P’s performance of professional services. Under section 150.002(a) as
amended in 2005, appellees were required to file a certificate of merit regarding these claims. 
Appellees undisputedly did not file a certificate of merit on these claims, and the statute indicates
that dismissal is appropriate. See 2005 Tex. Gen. Laws at 370 (formerly codified at Tex. Civ. Prac.
& Rem. Code Ann. § 150.002(d)).
                        However, because the parties and the trial court were proceeding under the authority
of an opinion we overrule here, we conclude that justice requires a different result. See Tex. R. App.
P. 43.3. We will adapt the grace period designed for cases filed within 10 days of the limitations
period and employ it here. Id. (formerly codified at Tex. Civ. Prac. & Rem. Code Ann. § 150.002(b),
now at id. § 150.002(c) (in cases in which the original petition is filed within 10 days of the
expiration of the limitations period, plaintiffs may file affidavit within 30 days of the filing of the
petition)). We reverse the order denying the motion to dismiss and remand the cause to the trial
court for further proceedings. Appellees shall have thirty days from the date this judgment is
mandated in which to file a certificate of merit satisfying the requirements of the statute as amended
in 2005. Consistent with former section 150.002(b), failure to timely file a satisfactory certificate
shall result in dismissal.
 
                                                                                                                                                            
                                                                        David Puryear, Justice
Before Chief Justice Jones, Justices Puryear, Pemberton, Henson, Rose, and Goodwin;
     Dissenting opinion by Justice Henson
Reversed and Remanded
Filed: February 18, 2011