**REVERSE and REMAND and Opinion Filed May 27, 2021**



In The

## Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-20-00749-CV

**STILLWATER CAPITAL, CLAY ROBY, AND STILLWATER CAPITAL INVESTMENTS, LLC, Appellants**
**V.**
**HKS, INC., Appellee**

**On Appeal from the 191st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-19-09019**

## MEMORANDUM OPINION

Before Justices Molberg, Goldstein, and Smith
Opinion by Justice Smith

Stillwater Capital, Clay Roby, and Stillwater Capital Investments, LLC, appeal the trial court's order dismissing their counterclaim with prejudice for failing to file a certificate of merit in the underlying lawsuit. In three issues, appellants argue they were not required to file a certificate of merit; HKS, Inc., is not a licensed or registered professional; and the trial court mistakenly dismissed appellants' claims with prejudice. We reverse the trial court's order dismissing appellants' counterclaims and remand for further proceedings consistent with this opinion.

On June 24, 2019, HKS filed its original petition seeking, among other things, payment for professional services HKS provided to appellants pursuant to a written contract. Under the "compensation and payment terms" section of the contract, the contract provided, "Compensation to HKS for the architectural services only shall be a stipulated sum in the amount of $950,000." HKS' chief legal officer, Robin Craig Williams, filed an affidavit stating that HKS received payments totaling $500,000 but invoiced appellants a total of $976,668.59, leaving $476,668.59 due and owing under the terms of the contract.

In June 2020, appellants filed their first amended answer and original counterclaim alleging one or more appellants entered into an "alleged contract" with HKS in January 2018 under the terms of which HKS agreed to provide "extensive market services" and "ancillary architectural services" related to a project in Frisco, Texas. Appellants alleged HKS breached the contract by failing to perform the entire scope of work detailed in the contract and delivering work product that was not performed in accordance with the contract. Appellants also alleged fraudulent misrepresentation and fraudulent inducement claims and violations of the DTPA.

HKS filed a motion to dismiss appellants' counterclaims based on their failure to file a certificate of merit with their original counterclaim as required by chapter 150 of the Texas Civil Practice and Remedies Code. On July 29, 2020, the trial court signed an order granting HKS' motion to dismiss and dismissing appellants' counterclaim with prejudice. This appeal followed.

–2–

We first address appellants' second issue in which they argue there were no pleadings to support the proposition that a licensed or registered professional provided professional services. Civil practice and remedies code section 150.002 provides that, in any action for damages arising out of the provision of professional services by a licensed architect or professional engineer, the claimant must file a "certificate of merit" with the complaint. *See* TEX. CIV. PRAC. & REM. CODE §150.002(a); *see also id.* §150.001(1-c).

Appellants concede that, in the parties' contract, HKS agreed to provide "ancillary architectural services"; however, they emphasize HKS' provision of "marketing services" and assert their counterclaims "are based on HKS' provision of incomplete or unsatisfactory *marketing services*." Appellants argue the complained-of marketing services are not "professional services" that trigger the certificate of merit statute. We note that, under the terms of the contract between appellants and HKS, the fees HKS seeks to recover are compensation for "architectural services only." The contract does not refer to "marketing services" as appellants argue. Under these circumstances, we conclude the trial court did not abuse its discretion in determining appellants' counterclaim arose out of the provision of professional services by a licensed architect. *See id.* §150.002(a). We overrule appellants' second issue.

In their first issue, appellants argue the trial court abused its discretion in disregarding section 150.002(h) and dismissing their counterclaims for failure to file

a certificate of merit. Specifically, appellants assert the underlying suit is "an action for the payment of fees arising out of the provision of professional services," and therefore no certificate of merit was required. *See id.* §150.002(h). Section 150.002(h) provides that "this statute does not apply to any suit or action for the payment of fees arising out of the provision of professional services." *See id.*

Stated generally, a certificate of merit is a sworn written statement certifying that the defendant's actions were negligent or erroneous and stating the factual basis for the opinion. *CBM Eng'rs, Inc. v. Tellepsen Builders, L.P.*, 403 S.W.3d 339, 346 (Tex. App.—Houston [1st Dist.] 2013, pet. denied). The function of a certificate of merit is to provide a "substantive hurdle that helps ensure frivolous claims are expeditiously discharged." *LaLonde v. Gosnell*, 593 S.W.3d 212, 216 (Tex. 2019).

To satisfy section 150.002, the claimant must file an affidavit from a third-party professional, who is competent to testify, is licensed or registered in the State of Texas, holds the same license or registration as the defendant, is actively engaged in the same practice area as the defendant, and offers testimony based on the affiant's knowledge, skill, experience, education, training, and practice. *See* TEX. CIV. PRAC. & REM. CODE §150.002(a), (b). The expert's affidavit must:

> set forth specifically for each theory of recovery for which damages are sought, the negligence, if any, or other action, error, or omission of the licensed or registered professional in providing the professional service, including any error or omission in providing advice, judgment, opinion, or a similar professional skill claimed to exist and the factual basis for each such claim . . . .

*Id.* §150.002(b). A claimant's failure to file a certificate of merit in accordance with section 150.002 "shall result in dismissal of the complaint against the defendant," and such dismissal "may" be with prejudice. *Id.* §150.002(e).

We review a trial court's order on a motion to dismiss under section 150.002 for an abuse of discretion. *CBM Eng'rs*, 403 S.W.3d at 342. When the outcome of a case turns on a question of statutory interpretation, however, we review those questions de novo. *Pedernal Energy, LLC. v. Bruington Eng'g, Ltd.*, 536 S.W.3d 487, 491 (Tex. 2017). In construing a statute, our goal is to determine and give effect to the legislature's intent. *Id.* "We look to and rely on the plain meaning of a statute's words as expressing legislative intent unless a different meaning is supplied, is apparent from the context, or the plain meaning of the words leads to absurd or nonsensical results." *Id.* Words and phrases must be "read in context and construed according to the rules of grammar and common usage." *Id.* We construe statutes so that no part is surplusage, but so that each word has meaning. *Id.*

Appellants argue that the exclusion in section 150.002(h) encompasses the entire underlying action, including their counterclaim. As a result, appellants argue, because the "action" originated as a suit by HKS for the "payment of fees," section 150.002 in its entirety, including the certificate of merit provision, does not apply to this entire "action."

In support of this argument, appellants cite *Kniestedt v. Southwest Sound & Electronics, Inc.*, 281 S.W.3d 452 (Tex. App.—San Antonio 2007, no pet.). In

*Kniestedt*, the court agreed that the version of section 150.002 in effect at the time only applied in an action alleging negligence and did not apply to the tortious interference with an existing contract claims at issue. *See Kniestedt*, 281 S.W.3d at 455. The court went on to note that "the statute specifically states that this statute does not apply to 'any suit or action for the payment of fees arising out of the provision of professional services'" and that the architects in that case "admit[ted] that this lawsuit stem[med] from an 'alleged failure to pay for work performed.'" *Id.*

Both appellants and HKS, in their arguments relative to this issue, cite *Jaster v. Comet II Const., Inc.*, 438 S.W.3d 556, 562–63 (Tex. 2014). Section 150.002 formerly required "the plaintiff" in "any action or arbitration proceeding" to file a certificate of merit. *See id.* at 562–63. In *Jaster*, the court addressed whether parties asserting third-party claims and counterclaims could be "the plaintiffs" within the meaning of section 150.002 in an underlying "action," when they were not the parties who initiated the suit. *See id.* at 565.

Turning to the meaning of the term "plaintiff," the court observed that, throughout the civil practice and remedies code, the definitions and usage of the term "plaintiff," as opposed to the term "claimant," were consistent with its common meaning. *Id.* at 567. The court noted that, when addressing frivolous pleadings and claims in chapter 9, for example, the statute uses the term "claimant," rather than the term "plaintiff," and expressly defines the term "claimant" to include "a plaintiff,

counterclaimant, cross-claimant, third-party plaintiff, or intervenor, seeking recovery of damages." *Id.* (citing TEX. CIV. PRAC. & REM. CODE § 9.001(1)).

The court reasoned that, when the Legislature wants to use a term that includes only a party who initiates a lawsuit, thus excluding third-party plaintiffs, cross-claimants, and counter-claimants, it uses the term "plaintiff," rather than the term "claimant."[1] *Id.* at 568. The court in *Jaster* therefore concluded the certificate-of-merit requirement in section 150.002 applied to "the plaintiff" who initiates an action for damages arising out of the provision of professional services by a licensed or registered professional and did not apply to a defendant or third-party defendant who asserts such claims. *Id.*

Similarly, in this case, if the Legislature wanted to limit the applicability of the exception in section 150.002(h), they could have done so. Instead, the Legislature provided an exception stating the statute does not apply to any suit or action for the payment of fees arising out of the provision of professional services. The exception to filing a certificate of merit does not simply benefit the provider of engineering or architectural services while at the same time requiring all counterclaimants in the suit to file a certificate of merit. The exception is broad in its statement that section 150.002 does not apply to "any suit or action" for the

---

[1] We note that, in 2019, the Legislature amended section 150.002 to delete the reference to "plaintiff" and substitute the term "claimant." Act of May 23, 2019, 86th Leg., R.S., ch. 661, § 2, sec. 150.002, 2019 Tex. Sess. Law Serv. 661 (codified at TEX. CIV. PRAC. & REM. CODE § 150.002).

payment of fees.  Appellants contend the exception only applies to a professional services provider attempting to collect a debt.  We disagree.  We conclude the exception in section 150.002(h), when read in connection with the entirety of section 150.002, makes it unnecessary for any party to file a certificate of merit in  an action for the payment of fees arising out of the provision of professional services.  *See Pedernal Energy*, 536 S.W.3d at 491.  Otherwise, counterclaimants and defendants sued by a provider of professional services seeking fees would not only face the burden of raising a defense to the claims for fees but would also have to muster a certificate of merit to file with their counterclaims to avoid dismissal of their counterclaims.  Section 150.002's purpose is to ensure frivolous claims are expeditiously discharged, not to put defendants at risk of having their claims dismissed.  *See LaLonde*, 593 S.W.3d at 216.

We conclude the trial court abused its discretion by disregarding section 150.002(h) and dismissing appellants' counterclaims for failure to file a certificate of merit.  *See Jaster*, 438 at 568; *CBM Eng'rs*, 403 S.W.3d at 342.  We sustain appellants' first issue.  Because of our disposition of appellants' first and second issues, we need not address appellants' third issue.

We reverse the trial court's order dismissing appellants' counterclaims and remand for further proceedings consistent with this opinion.

/Craig Smith/
CRAIG SMITH
JUSTICE

200749F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

STILLWATER CAPITAL, CLAY ROBY, AND STILLWATER CAPITAL INVESTMENTS, LLC, Appellants

No. 05-20-00749-CV          V.

HKS, INC., Appellee

On Appeal from the 191st Judicial District Court, Dallas County, Texas Trial Court Cause No. DC-19-09019. Opinion delivered by Justice Smith. Justices Molberg and Goldstein participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **REVERSED** and this cause is **REMANDED** to the trial court for further proceedings consistent with this opinion.

It is **ORDERED** that appellants STILLWATER CAPITAL, CLAY ROBY, AND STILLWATER CAPITAL INVESTMENTS, LLC recover their costs of this appeal from appellee HKS, INC.

Judgment entered May 27, 2021.